WILLIAM LeROY GERBER, by Next Friend, WIL-
LIAM L. GERBER, v. KANSAS CITY, Appellant.

Division One, November 16, 1925.

1. **APPEAL: Statement.** If respondent's brief contains no statement,
it will be considered that he concurs in the statement made by
appellant.

2. **APPELLATE PRACTICE: Action at Law: Reading Evidence.** The
case being an action at law, it is no part of the duty of the ap-
pellate court to review or weigh the evidence, or to read the very
long printed record, for the purpose of determining questions of
fact, but it will be assumed that appellant has set forth in his
statement all the facts necessary to an understanding of the ques-
tions of law he has raised, as is his plain duty to do under the rules.

3. **JUDGMENT: Affirmed Against Certain Defendants: Reversed and
Remanded Against Others: Second Judgment Against Such Others:
Two Final Judgments.** A sewer was being constructed near the
sidewalk in a public street, and plaintiff pulled a piece of fuse from
an embankment made by excavating earth and rock from the sewer
ditch. There was a dynamite cap on the end of the fuse, which he
tried to remove with his knife; it exploded, and he was injured.
He sued the construction company, which had a contract with the
city to construct the sewer, the company's sureties, and the city,
and upon the trial a verdict was returned and a judgment rendered
against the company, and a verdict was returned and a judgment
was rendered in favor of the city and the contractor's sureties.
Plaintiff appealed from the judgment for the city and the sureties,

311 Mo. Sup.—4.

(49)

and the construction company appealed from the judgment against it. In this court the two appeals were consolidated, and heard as one case, and the judgment was reversed as to the city and affirmed as to the other defendants and the cause was "remanded to the circuit court for further proceedings not inconsistent with the views herein expressed" (304 Mo. 157, 194). At a subsequent trial in the circuit court, without a setting aside of the judgment against the construction company and in favor of its sureties and without reopening the case as to them, a verdict was returned and a judgment rendered against the city, and from that judgment the city now appeals, and contends that there can be but one final judgment in any case, and that there had already been a final judgment rendered in the case against said construction company when the case was tried and judgment was rendered against the city. *Held*, that two final judgments have not been rendered in the cause contrary to the statute (Sec. 1528, R. S. 1919), but the reversing of the judgment as to the city and its affirmance as to its co-defendants, instead of reversing it as to all, did not affect adversely any right of the city.

4. ———: ———: ———: ———: Joint Tortfeasors. In an action for tort all the joint tortfeasors are severally and jointly liable to plaintiff for personal injuries sustained by him due to their wrong, and he may obtain judgment against all in a suit against all, or judgment against each in separate suits, and enforce satisfaction from either as he may elect, being entitled, however, to but one satisfaction.

5. ———: ———: ———: ———: Suit Against City: Statute: Notice to Contractor. Under the statute (Sec. 8949, R. S. 1919) providing that when a city of one hundred and fifty thousand inhabitants is sued upon a cause of action arising from the wrongful act of another the city may give notice to the plaintiff to join such other as a defendant, etc., a plaintiff may, without awaiting such notice, join the city and all other such wrongdoers as defendants; but such statute does not affect the liability of all such joint tortfeasors, nor make a judgment against the city in anywise dependent upon the rendition of a judgment against the others; and conceding that the purpose of the statute was to prevent circuity of action, it does not follow, where a judgment has been obtained against other joint tortfeasors and affirmed, and a verdict has been directed in favor of the city in the trial court and on appeal the judgment for it has been reversed, that the purpose of the statute is defeated by permitting a subsequent trial and judgment against the city.

6. ———: ———: ———: ———: Primary and Secondary Joint Tortfeasors: Contribution. Admitting that the contractor who left the live fuse in the sewer embankment in the public street, which

Gerber v. Kansas City.

exploded and injured plaintiff, is the one who primarily caused the injury and is liable over to the city for all damages that it may be compelled to pay on account of the injury, it does not follow, because a judgment was rendered against the contractor and in the same trial judgment was rendered for defendant city which on appeal was reversed and the cause remanded for a new trial as to it, that a subsequent judgment on said new trial cannot be rendered against the city on the theory that it was negligent in failing to keep the street reasonably safe.

7. ———: ———: **Adversary Tortfeasors: Form of Judgment: Waiver.** Where the construction company and the city, sued jointly in tort, were adversary parties on appeal with respect to the question of primary liability for plaintiff's injury, it was the duty of the city when the judgment against the company was affirmed and the judgment in favor of the city was reversed, if it felt aggrieved by the form of the judgment disposing of the appeal, to call the court's attention thereto by a motion for a rehearing, or to modify; otherwise, it becomes too late on a subsequent trial or appeal to urge the objection.

8. **NEGLIGENCE: Settled on Former Appeal.** Assignments (a) that the evidence failed to show any negligence on the part of the appellant city and (b) that it did show that the negligence which caused the injury to plaintiff was that of the construction company, an independent contractor, who created the dangerous condition, having been fully considered and determined against the city on a former appeal, are not for further consideration on a second appeal.

9. ———: **City: Temporary Withdrawal of Street from Public Use: Clear Intention.** A city may temporarily withdraw all or a portion of a street from public use and during such time incur no liability to persons who, notwithstanding such withdrawal, use the street and are injured as a result of such use; but in order that it may be thus relieved from liability its intention to wholly exclude the public from the street or a part of the street so withdrawn must be made unmistakably manifest. Merely permitting the contractor to pile into the street earth and loose rock taken from the sewer ditch, "so that over the sidewalk and a good portion of the street was no traveling at all, because of such dirt," is a wholly insufficient withdrawal.

Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., Section 1584, p. 1408, n. 18; Section 1610, p. 1448, n. 60; 4 C. J., Section 2830, p. 843, n. 65; p. 844, n. 66; Section 3078, p. 1099, n. 6, 7; Section 3218, p. 1183, n. 37; p. 1184, n. 42. Judgments, 34 C. J., Section 357, p. 151, n. 72; Section 1404, p. 983, n. 21, 22. Municipal Corporations, 28 Cyc., p. 1349, n. 91; p. 1350, n. 92; p. 1464, n. 25, 27. Torts, 38 Cyc., p. 483, n. 91; p. 489, n. 21; p. 490, n. 25; p. 491, n. 26.

Appeal from Jackson Circuit Court.—*Hon. Charles B. Pence,* Judge.

AFFIRMED.

*Solon T. Gilmore* and *John D. Wendorff* for appellant.

(1) Only one final judgment can be entered in a case. The court committed error in overruling and refusing to give the instruction in the nature of a demurrer directing the jury to return a verdict in favor of defendant, offered at the close of all the evidence, for the reason that one final judgment had already been entered in said cause in favor of plaintiff and against the defendant W. D. Boyle Construction Company, and which said final judgment had been affirmed by this court in cases numbered 23564 and 24224, 263 S. W. 432. Sec. 1528, R. S. 1919; Blackmer & Post Pipe Co. v. Ry. Co., 137 Mo. App. 479. (2) There was no evidence which showed or even tended to show any negligence or liability on the part of or on behalf of defendant city, on account of plaintiff's alleged injury. Stephens v. City of Macon, 83 Mo. 345; Dillon on Municipal Corps. (5 Ed.) sec. 1168; Downey v. Boston, 84 Mass. 20; Hesselbach v. St. Louis, 179 Mo. 523; Press v. Penny & Gentles, 242 Mo. 98; Dillon on Municipal Corps. (4 Ed.) sec. 730; Gorman v. Ry. Co., 255 Mo. 483; Hunt v. St. Louis, 258 Mo. 231; Searcy v. Noll-Welty Lumber Co., 243 S. W. 318; Marshall v. Kansas City, 249 S. W. 85. (3) The court committed error in overruling and refusing to give the instruction in the nature of a demurrer to the evidence, directing the jury to return a verdict in favor of defendant Kansas City, offered on behalf of Kansas City at the close of all the evidence, for the reason that plaintiff's own testimony showed that that part of the street where plaintiff pulled the fuse out of the earth had been withdrawn from travel or use by the public, and therefore the city was not liable to

plaintiff for the injuries which he received. Cases supra. (4) The Boyle Construction Company was an independent contractor, and whatever negligence, if any, causing or contributing to plaintiff's injury, was the negligence of said company, and not the negligence of defendant city. Blumb v. Kansas City, 84 Mo. 112; McGrath v. St. Louis, 215 Mo. 191; Salmon v. Kansas City, 240 Mo. 39; Press v. Penny & Gentles, 242 Mo. 106; Holmon v. St. Louis, 272 Mo. 266, 274; Gerber v. Kansas City, 263 S. W. 440.

*Atwood, Wickersham, Hill, Levis & Chilcott* for respondent.

(1) The evidence in this case being identical with the evidence on the former appeal, any question of the right of plaintiff to recover is *res adjudicata.* Williams v. Modern Woodmen, 243 S. W. 272; Benton v. St. Louis, 248 Mo. 98; State ex rel. Curtis v. Broaddus, 238 Mo. 189; State ex rel. Ozark Co. v. Tate, 109 Mo. 265; Meeker v. E. L. & P. Co., 216 S. W. 931; State ex rel. v. City of St. Joseph, 223 S. W. 671; Hanson v. Traction Co., 226 S. W. 1; Hill v. Rys. Co., 233 S. W. 207; Troutman v. Cotton Oil Co., 224 S. W. 1016. (2) The judgment is final and disposed of all the issues. The case was tried in strict accordance with the mandate of this court. This court on the former appeal properly affirmed the former judgment as to the Boyle Construction Company and reversed and remanded the case as to defendant Kansas City. This case on present appeal was tried between the plaintiff and defendant Kansas City alone. The procedure followed in this case has met with the approval of this court in many decisions. Adair v. Kansas City Term., 282 Mo. 162; Stotler v. Railroad, 200 Mo. 149; Hunt v. Railroad, 89 Mo. 609; Freeland v. Williamson, 220 Mo. 229; Judd v. Walker, 158 Mo. App. 169; Kleiber v. Railroad, 107 Mo. 240. Plaintiff could sue severally or jointly the persons responsible for his injuries. A judgment against one

tortfeasor could not be set up as a bar to the obtaining of a judgment against another tortfeasor so long as the first judgment remained unsatisfied. Judd v. Walker, 158 Mo. App. 158; 26 R. C. L. p. 765; Fitzgerald v. Campbell, 131 Va. 486, 27 A. L. R. 799. (3) Even if this court on the former appeal improperly affirmed the judgment against the Boyle Construction Company and remanded the case as to Kansas City, the only possible course defendant city could have pursued was to object to the disposition of the case made by this court on the former appeal. The former appeal determined the law governing this case so far as this appeal is concerned. Defendant went to trial on an answer of a general denial and contributory negligence, and offered testimony and instructions presenting its theory of defense. The peremptory instruction requested in the nature of a demurrer in the course of the case was insufficient to even present for review here now any question as to the form of this judgment. Davison v. Hines, 246 S. W. 303; Torrance v. Pryor, 210 S. W. 432; Proctor v. Garman, 203 Mo. App. 109; Union State Bank v. Wangler, 254 S. W. 739; Ramsey v. Railroad, 253 S. W. 1082; Everhart v. Bryson, 244 Mo. 507. (4) Appellant's contention that the street where plaintiff was injured "had been withdrawn from travel for use by the public" is utterly untenable, because there is no evidence whatever in the record justifying any such an assumption. Moreover, the former appeal disposed of any question of this kind, if any ever existed. It was the duty of defendant to keep the part of the street between the sidewalk and the property line free from this deadly explosive dynamite cap. Coffey v. Carthage, 186 Mo. 573; Miller v. Mo. Wrecking Co., 187 S. W. 45; Fockler v. Kansas City, 94 Mo. App. 464; Benton v. St. Louis, 217 Mo. 687.

RAGLAND, P. J.—Rule 15 of this court requires that the brief of appellant shall contain, among other

things, "a fair and concise statement of the facts of the case without reiteration, statements of law, or argument." As a compliance with that requirement appellant in this case has made the following statement:

"On October 7, 1919, the W. D. Boyle Construction Company entered into a written contract with appellant, Kansas City, Missouri, to construct a district sewer in Kansas City, Missouri, in accordance with certain plans and specifications then on file in the office of the Board of Public Works of said appellant. The United States Fidelity & Guaranty Company and J. L. Cross, as sureties for said construction company, signed said contract, thereby guaranteeing the faithful performance of all the covenants contained therein, one of which covenants being 'to indemnify and save harmless Kansas City from all suits or action of every kind and description brought against the city for or on account of any injuries or damages received or sustained by any party or parties from the negligent acts of said contractor or his servants or agents in doing the work herein contracted for, or by or in consequence of any negligence in guarding the same, or in using any improper material in its construction, or by or on account of any negligent act or omission of said first party or his servants or agents.'

"The contract is in the usual form of municipal contracts of this character.

"The sewer was to be constructed on the east side of Prospect Avenue, a north-and-south street, and extending from a point north of 56th Street, and to be constructed in the space between the sidewalk and the curb.

"Work under said contract commenced November 14, 1919, and continued until in January, 1920, when it was temporarily suspended because of weather conditions.

"Plaintiff lived with his parents at 5611 Prospect Avenue, on the east side of Prospect Avenue, and at the time of the occurrence out of which this suit grows, an open sewer ditch and the embankment of earth on either

side of same ran almost immediately in front of plaintiff's home and throughout the length of the entire block in which he lived.

"Just prior to plaintiff's alleged injury, plaintiff claims he was coasting down the driveway leading from the street to his home in a small coaster wagon, when he observed what he thought was a piece of white rope a little smaller than an ordinary pencil with a piece of copper on the end of it, sticking out of the pile of dirt just a little south of the driveway and about eighteen inches from the retaining wall on the side of the property on the east side of the street; that the pile of dirt was about two and a half feet high and the rope was about a foot long and about half of it was sticking out of the pile of dirt, there being a metallic cap on the exposed end thereof; that he pulled the rope out of the dirt, intending to tie the handle of his wagon with it, but concluded he could tie it better without the metallic cap, and started to whittle the metallic cap off the rope with his pocket knife, when the metallic cap exploded and injured him in the manner claimed.

"Plaintiff indentified Exhibit 1 as the picture of the driveway down which he claims to have been coasting, including a part of his home where he lived. He identified Exhibit 2 as a picture of the same driveway and a pile of dirt from which he claims to have pulled the rope, and his coaster wagon, upon which he claims he had been riding down said driveway. He also identified Exhibit 3 as a picture of the same driveway, the same pile of dirt from which he got the rope, the same wagon on which he was coasting down the driveway and a more extended view of the street. He also identified Exhibit 4, Exhibit 5, as a piece of fuse similar to what he had seen lying around on the pile of dirt and like the one he pulled out of the dirt which had the metallic cap on it.

"Plaintiff testified that the cap attached to the end of the fuse which he pulled out of the pile of dirt and which exploded was one-quarter to one and one-half

inches long. There was a cross mark in ink on Exhibit 1 which plaintiff claims marked the place where he pulled the rope out of the pile of dirt.

"Plaintiff testified that he had seen, along said sewer ditch, numerous other fuses similar to the one causing his injury, but that they had been exploded and did not have any caps on them when he saw them, and consequently were harmless.

"Plaintiff testified he pulled the fuse out of the top of the earth which had been thrown out of the sewer trench, and which was about three feet above the sidewalk and about eighteen inches from the retaining wall, which was in a part of the street shown by the evidence to have been withdrawn from use by the public.

"On account of the earth thrown out of the trench, there was no travel over the sidewalk and a portion of the street was not traveled at all throughout the whole block, because of the earth being thrown out on the sidewalk as stated.

"Plaintiff testified:

" 'Q. Was there a great deal of dirt came from it? A. Yes, sir.

" 'Q. And a lot of it piled out into the street? A. Yes, sir.

" 'Q. So that over the sidewalk and a good portion of the street was no traveling at all, because of so much dirt? A. Yes, sir.

" 'Q. Throughout the whole block? A. Yes, sir.

" 'Q. Is that right? A. Yes, sir.'

"The first trial of this cause was begun October 12, 1921, and concluded October 14, 1921, at which time the jury returned a verdict in favor of defendant Kansas City, the United States Fidelity & Guaranty Company and J. L. Cross, and returned a verdict in favor of plaintiff and against W. D. Boyle Construction Company for $10,000, and judgment was thereupon entered in accordance therewith by the court.

"Thereafter, the cause was brought to this court on appeal by plaintiff from the judgment in favor of

defendants Kansas City, the United States Fidelity & Guaranty Company and J. L. Cross, and by the defendant W. D. Boyle Construction Company from the judgment for $10,000 rendered against it, and in favor of plaintiff.

"In due time thereafter, said causes were consolidated in this court under numbers 23564 and 24224, and on April 7th this court rendered its opinion, 304 Mo. 157, affirming the judgment of the circuit court as to all defendants, except defendant Kansas City, but as to defendant Kansas City this court reversed and remanded this cause to the said circuit court 'for further proceedings not inconsistent with the views' expressed in said opinion." Respondent has made no statement at all and as a consequence it must be considered that he concurs in that of appellant.

From appellant's statement it appears that the case is one at law. It is no part of our duty, therefore, to review or weigh the evidence for the purpose of determining questions of fact. That being true we have not read the three hundred and odd pages of printed record. We assume that appellant's counsel have set forth in their statement all the facts necessary to an understanding of the questions of law which they have raised and desire us to pass on. Such was their plain duty under our rule. We shall accordingly confine our consideration to questions which arise on the facts stated.

Appellant assigns as error the refusal of the trial court to give at its request a peremptory instruction in the nature of a demurrer to the evidence. It was entitled to such an instruction, it asserts, on these grounds: (1) the plaintiff is entitled to but one final judgment in the cause and such a judgment had already been rendered at the time of the trial which resulted in the judgment appealed from; (2) the evidence did not show any liability on the part of defendant Kansas City, because (a) it failed to show any negligence on the part of said defendant, (b) it did show that the negligence, if any, which caused plaintiff's injury was that of the Boyle Construction Company, an independent contractor,

and furthermore (c) ''plaintiff's own testimony disclosed that part of the street where plaintiff pulled the fuse out of the earth had been withdrawn from travel and use by the public.''

I.    The original defendants were the Boyle Construction Company, its sureties, United States Fidelity & Guaranty Company and J. L. Cross, and Kansas City. The first trial resulted in a judgment in favor of plaintiff as against the Boyle Construction Company, but against plaintiff as to the remaining defendants. The judgment was brought to this court for review. We held that there was no error in the proceeding except as it related to the defendant Kansas City, but that as to that defendant it was necessary to reverse the judgment and remand the cause for another trial. Instead of reversing the judgment outright and remanding the cause with directions to the trial court to hold the proceeding in abeyance as to the defendants Boyle Construction Company and its sureties, until the cause was disposed of as to the defendant Kansas City, and at that time to re-enter the judgment in respect to them as originally given, in connection with and as a part of the judgment which finally disposed of the defendant Kansas City, in accordance with the procedure outlined in Clark v. Railroad, 234 Mo. 435, we reversed the judgment only as to the defendant Kansas City and remanded the cause for another trial, affirming the judgment as to the remaining defendants. As a result of the affirmance here of the judgment as to the defendants Boyle Construction Company and its sureties, and the reversing of it as to the defendant Kansas City with a remand of the cause for another trial as to that defendant, and the trial had pursuant thereto, appellant insists that two final judgments have been rendered in the cause contrary to the provisions of Section 1528, Revised Statutes 1919, which, according to a construction which has long been given it, directs that but one final judgment shall be given in an action.

We have to some extent departed from the ruling in Clark v. Railroad just referred to. In the later case of Adair v. Railway, 282 Mo. 162, in disposing of plaintiff's appeal from a judgment in favor of the four defendants in that case this court affirmed the judgment as to one defendant, reversed it as to the others and remanded the cause for another trial. In that connection we said:

"Whatever may have been the instability of this court with reference to the entirety of a judgment in this respect, it is now established that, on appeal, the interests of the parties' may be rightfully served where the errors do not affect them jointly, and the rights of one are not dependent on those of another, and the judgment be reversed as to some and affirmed as to others. [Stotler v. Railroad, 200 Mo. l. c. 149-50.]"

Following the principal there announced the question here is whether our judgment on the former appeal and writ of error (consolidated and heard as one cause) in reversing the judgment as to the present appellant and affirming it as to its co-defendants, instead of reversing it as to all, affected adversely any right of appellant.

The pleadings and the evidence disclose that appellant and its co-defendant, Boyle Construction Company, were joint tortfeasors; they were therefore jointly and severally liable for the injury suffered by plaintiff. In those circumstances plaintiff, at common law, could sue them jointly (as he did), or sue either, or sue both separately. If he obtained judgment against both in a suit against both, or if he obtained judgment against each in separate suits, he could enforce satisfaction from either as he might elect, being entitled, however, to but one satisfaction. These principles of the common law still obtain except as modified by Section 8949, Revised Statutes 1919. That section provides:

"Whenever a city of over one hundred and fifty thousand inhabitants shall be sued in any court in this State and the cause of action on account of which said city

is sued shall arise from the wrongful or unauthorized acts or carelessness and negligence of any person or corporation subject to service in this State, and such wrongful or unauthorized acts or carelessness and negligence shall also make such person or corporation liable to an action by the plaintiff on the same account as such city is sued for, such city may, within fifteen days after the first day of the next term of court after the service of the writ of summons, file a motion, in writing, in said case, notifying the plaintiff therein to make such person or corporation a party defendant in said suit in accordance with the facts constituting the liability of such person or corporation, which facts said city shall set forth in said notice, and shall verify the same by affidavit. The plaintiff in said suit shall then proceed to join such person or corporation as a party defendant in said suit, in accordance with the facts set forth in said notice, and such suit shall not be prosecuted against said city until such person or corporation is made a co-defendant with such city.''

In this case plaintiff did not wait for service of the notice provided by the statute, but made the Boyle Construction Company a party defendant in the first instance. The statute is applicable not withstanding. [Kilroy v. St. Louis, 242 Mo. 84.] It will be observed, however, that it does not effect a limitation in any respect upon liability as it exists at common law; nor does it create new liability. Its only requirment is that the party whose act gives rise to a cause of action against the city, if also liable, shall be made a party defendant; it does not make the obtention of a judgment against the city in any way dependent upon the rendition of a like judgment, or of any judgment, against its co-defendant. When the plaintiff has in good faith brought into court as a party defendant the person whose wrong gave rise to the cause of action against the city the statute has been fully complied with so far as his rights are affected thereby. [Kilroy v. St. Louis, supra; Wiggin v. St. Louis, 135 Mo. 558; Kansas City v. Mullins, 209 S. W. 558;

Hutchinson v. Mullins, 189 Mo. App. 438; Kansas City v. Mitchener, 85 Mo. App. 36.]

It is claimed by appellant that the Boyle Construction Company as the one who primarily caused plaintiff's injury is liable over to it for all damages that it may be compelled to pay on account of such injury; that the statute just quoted from has for its objective the avoidance of circuity of action in such cases; and that by the severance of the cause as to the defendants, effected by our judgment on the former appeal, appellant has in some way been deprived of the benefit of the statute in the respect mentioned. That the statute was enacted in aid of the principle which operates to prevent circuity of action cannot be questioned. But in what way does it contribute to that end? It is well-settled law, independent of statute, that "where a person is responsible over to another, either by operation of law or express contract, and he is duly notified of the pendency of the suit against the person to whom he is responsible over, and full opportunity is afforded him to defend the action, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appeared or not. Under such circumstances the person responsible over is no longer regarded as a stranger, because he has the right to appear and defend the action and has the same means and advantages of controverting the claim as if he were the real and nominal party on the record." [15 R. C. L. 1017; see also Chicago City v. Robbins, 2 Black, 418; same case, second appeal, 4 Wall. 657.] The judgment in the prior suit is not, however, conclusive evidence of all matters necessary to be proved by the plaintiff in his suit against the person alleged to be liable over. Whether the relation exists which gives a remedy over, whether the person alleged to be responsible over had notice of the proceeding and was afforded full opportunity to defend, are open to inquiry. Now it is the purpose of the statute to obviate the necessity of making proof of the matters just referred to in actions by the cities of the class named

against certain persons liable over to them. By requiring the plaintiff in a suit against a city to make the person responsible over a party defendant the latter is not only concluded with respect to notice of the suit and the right afforded him to defend, but the question as to whether he or the city is primarily liable for the tort which gives rise to the action may be adjudicated. In the case at bar every purpose of the statute seems to have been subserved. The Boyle Construction Company having been made a party defendant in the first instance, it not only had full notice of the proceeding and the unqualified privilege of defending, neither of which, so far as appears, was in any way affected by the formal disposal of it as a party to the record prior to the rendition of the judgment against the city, but in addition its liability as the primary wrongdoer was conclusively established.

In addition to what is said above it should be borne in mind that appellant and the Boyle Construction Company during the first trial and when the cause was pending here on the first appeal and writ of error were adversary parties with respect to the question of primary liability for plaintiff's injury. [Kilroy v. St. Louis, supra.] That being true it was the duty of appellant if it felt aggrieved by the form our judgment took in disposing of the appeal, to have called our attention thereto in a motion for a rehearing, or to modify. It is too late to urge the objection now.

II. All questions raised under "a" and "b" as to Kansas City's liability were fully considered and determined on the former appeal. [Gerber v. Kansas City, 263 S. W. 432.]

As to ground "c": There is no question but that under many situations a municipality may temporarily withdraw all or a portion of a street from public use and during such time incur no liability to persons who, notwithstanding such withdrawal, use the street and are injured as a result thereof. But in order that the municipality may be relieved from liability under such circumstances its intention to wholly exclude the public

from the street or part of the street so withdrawn must be made unmistakably manifest. [Stephens v. Macon, 83 Mo. 352.] Merely permitting a lot of dirt to be piled into the street "so that over the sidewalk and a good portion of the street was no traveling at all, because of so much dirt," is wholly insufficient for that purpose.

The judgment of the circuit court is affirmed. *Graves* and *Atwood, JJ.,* concur.