NICK HAM, RESPONDENT, v. HAMMOND PACKING COMPANY, APPEL-
LANT.[*]

Kansas City Court of Appeals.   December 7, 1925.

[*]Corpus Juris-Cyc References: Trial 38Cyc, p. 1317, n. 41; p. 1680, n. 4.

*Miles Elliott* and *Duvall & Boyd* for respondent.

*Brown, Douglas & Brown* for appellant.

BLAND, J.—This action is for damages for personal injuries. There was a verdict and judgment in favor of defendant, Hammond Packing Company, the cause having been dismissed as to the other defendants.

The court granted plaintiff's motion for a new trial on account of the giving of the following instructions:

"The court instructs you that all the admissions shown by the evidence to have been made by the plaintiff which are against his interest, if any, are presumed to be true, and should be so considered by you in arriving at your verdict."

The petition alleges that on or about the 31st day of August, 1923, plaintiff was employed by the defendants as a laborer in their packing plant and while so employed was required to assist in and about the lifting and moving of a certain motor with the aid of a block and fall or block and tackle; that while lifting on the motor for the purpose of assisting in lifting and moving the same, "when the said motor was a short distance above the floor of said platform or scaffold,

the said rope in said block and tackle was, by reason of the defective condition of said block and tackle and said rope, caused to fall with great force and violence while plaintiff was so helping to lift the said motor, and that by reason and as a direct result thereof plaintiff was seriously and permanently injured.''

There was evidence tending to support the allegations of plaintiff's petition but defendant insists that plaintiff made admissions upon the witness stand tending to show that he was injured in a different way than that alleged. The parties are unable to agree as to what the record discloses but devote a considerable portion of their briefs in attempting to set forth their respective claims. However, it is not necessary to go into this matter. For the purpose of the case we may assume that defendant is correct in its contention but even under defendant's view of the case we think the instruction was erroneous. This character of instruction has been disapproved for the reason that it singles out plaintiff and comments upon his testimony, and usurps the province of the jury in weighing his evidence. [Connor v. Railroad, 181 Mo. 397; Sheperd v. Transit Co., 189 Mo. 362; Zander v. Transit Co., 206 Mo. 445; Stetzler v. Railroad, 210 Mo. 704; Huff v. Railway, Light, Heat & Power Co., et al., 123 Mo. 495; Benjamin v. Railroad, 245 Mo. 598; State v. Finkelstein, 191 S. W. 1002.]

Defendant insists that the instruction in the case at bar is different from any of those in the cases cited, it being contended that—

'' . . . while our courts have repeatedly condemned instructions which have singled out parties litigant, and commented upon their testimony, and attempted to apply certain restrictions as to their credibility, the courts have never repudiated the doctrine that adverse admissions of a party litigant are presumed to be true. We have found no case denying this presumption.

''If, then, it is the law that statements or admissions of a party litigant are presumed to be true, what just criticism can be made of defendant's instruction eight? If the presumption of truth attaches to statements and admissions against interest, how may an opposing litigant benefit by this fact? How are juries to be instructed in such manner as to charge such presumptions against the account of a litigant making such admissions? General instructions as to the credibility of witnesses will not accomplish this purpose.''

The presumption relied upon in this case is a presumption of fact (Linderman v. Carmin, 255 Mo. 62, 74), and was not a proper subject for ''comment'' by the court. [State v. Jordan, 268 S. W. 64, 70; State v. Hogan, 252 S. W. 387, 389; State v. Swarens, 294 Mo. 139; State v. Campbell, 301 Mo. 618, 623; State v. Miller, 270 S. W. 291, 294.] Counsel for defendant was privileged to call the jury's attention to the matter in the argument. [State v. Swarens, supra, l. c.

156.] The subject could have been brought to the attention of the jury in this way. Aside from this, as there was ample testimony in the record to support the allegations of plaintiff's petition, it makes no difference if plaintiff may have made statements on the witness stand showing that he was injured in a way different from that alleged in the petition, it was for the jury to say whether or not under all the evidence, the presumption that exists against a party who makes admissions upon the witness stand against his interest, was at the conclusion of the trial overcome. The instruction tells the jury that they must presume the statements were true in considering their verdict or, in other words, that the presumption continued even after all the testimony was in and they had retired for the consideration of their verdict. We think, undoubtedly, there is no question but that the instruction was erroneous and that the court properly granted plaintiff's motion for a new trial.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

