RUBY FLENNER, RESPONDENT, v. SOUTHWEST MISSOURI RAILROAD COMPANY, APPELLANT; W. H. COOK, RESPONDENT.*

In the Springfield Court of Appeals. August 31, 1926.

*Corpus Juris-Cyc. References:  Appeal and Error, 4CJ, p. 698, n. 19; Contribution, 13CJ, p. 828, n. 94; p. 832, n. 42, 46; Courts, 15CJ, p. 920, n. 8; Trial, 38Cyc, p. 1653, n. 11 New; p. 1711, n. 19.

*McReynolds, McReynolds & Flanigan* for appellant.

162

*Sizer & Gardner* for respondent.

COX, P. J.—Action for personal injuries against two defendants, to-wit, Southwest Missouri Railroad Company and W. H. Cook. Trial by jury; verdict for plaintiff against the railroad company and damages assessed at $6000 and verdict in favor of W. H. Cook. The railroad company appealed.

The plaintiff was a passenger upon the railroad and was injured as a result of a collision at a highway crossing between the car of the railroad company in which plaintiff was a passenger and a motor bus owned by defendant Cook. It is conceded that there is sufficient evidence to take the case to the jury against appellant. Error is assigned in the instructions and in the release of defendant Cook.

It is contended by the appellant railroad company that it can avail itself of any error committed in favor of defendant Cook, who was released, because they were charged as joint tort-feasors and by reason of that fact appellant would be entitled to contribution from defendant Cook in case appellant should be required to pay the judgment and the facts would show that defendant Cook was also liable. That question seems to depend upon the construction to be given section 4223, Revised Statutes 1919, which, as far as pertains here, reads as follows: ''Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution and all other consequences of such judgment in the same manner and to the same extent as defendants in a judgment in an action founded on a contract.''

The general rule of law, apart from the statute, is, that while all joint tort-feasors are individually and jointly liable to the injured party and he may sue all or only one, yet, aside from the statute there is no right of contribution between them. There are apparent exceptions to this general rule resting on the fact in a particular case that one party may not be guilty of any active wrong and as between that party and the one whose active wrong caused the injury and who, is, therefore primarily liable, he may be entitled to re-imbursement for the whole amount he may be compelled to pay. There is a wide distinction between a right of re-inbursement and the right of contribution. When the right of re-imbursement exists, then the fact that both parties may be jointly liable to a third party for injury does not destroy the right of re-imbursement. If, however, the facts are such that each may be liable to the party injured by reason of some wrongful act or neglect of his own which has contributed to the injury and such act has been committed by him jointly with the other party charged with the tort, or is disconnected from

any act of the other party but committed in such a way as to make him liable to the injured party independently of any act committed by the other party, then the right of contribution does not exist except by force of the statute. [Tilroy v. St. Louis, 242 Mo. 79, 145 S. W. 769.]

We are referred to a number of cases in which it has been held that one defendant in a case where two are sued as joint tort-feasors may appeal and in the appellate court take advantage of errors committed as to the other defendant, but an examination of those cases will show that in each case the judgment was against both or the relation between the defendants was such that the appellant, if compelled to pay the judgment, would have the right to re-imbursement. There is another statute, section 8949, Revised Statutes 1919, which applies to certain cities only, but which has no application here. We may note, however, that the wording of this latter section of the statute is such as to recognize that but for the statute the right of the city provided for in said section of the statute did not exist prior to its enactment. The statute we are now considering, to-wit, section 4223, Revised Statutes 1919, by its own terms applies only after judgment has been rendered against two or more joint tort-feasors. By its own language it applies only to "defendants in a judgment." That means that it does not apply in any case in which judgment goes against one and in favor of another defendant. [Moudy v. St. Louis Dressed Beef & Provision Co., 149 Mo. App. 413, 426, 130 S. W. 76; City of Springfield v. Clements, 296 Mo. 150, 156, 246 S. W. 175.]

Until after judgment, the plaintiff could control his own case and could dismiss as to either party at any time and proceed against the other without encroaching upon the right of either. [Voelker v. Hill-O'Meara Const. Co., 131 S. W. 907, 911.]

The appellant, railroad company, had no connection in any way with defendant Cook. Each acted independently of the other. The liability of one did not rest upon anything done by the other. Each, if liable at all, was liable solely by reason of the negligence of his own servants and no right of re-imbursement existed in favor of either. The statute which gives the right of contribution between defendants in judgments only, does not apply because there is judgment against but one. The result is that the common law prevails and under that law no right of contribution exists and since it does not, each party must defend just as he would if sued alone and on appeal can only take advantage of errors that apply to him alone or to both jointly. This appellant cannot, on this appeal, take advantage of any error that applies only to defendant Cook. It must rely on errors, if any, that are prejudicial to it.

Error is assigned in instructions given on behalf of plaintiff. Instruction No. 1 told the jury that if they should find that a collision occurred between the car of appellant and an automobile or bus at or near the intersection of Lone Elm Road and E. Street, that the presumption is that such collision was occasioned by some negligence of the railroad company and the burden of proof was then cast upon the railroad company to rebut the presumption of negligence and establish the fact that there was no negligence on its part. It is contended that this instruction is an unwarranted comment upon a presumption of fact and to sustain its contention cites State v. Jordan, 268 S. W. 64, 70; State v. Hogan, 252 S. W. 387, 389; State v. Swarens, 294 Mo. 139, 241 S. W. 934; State v. Campbell, 201 Mo. 618, 257 S. W. 131; State v. Miller, 270 S. W., 291, 294; Hunt v. Sanders, 232 S. W. 456; McCune v. Daniels, 251 S. W. 458, 461; State v. Tracy, 243 S. W. 177; State ex rel. v. Ellison, 268 Mo. 239, 187 S. W. 23; Ham v. Hammond Packing Co. (K. C. Ct. of App.), 277 S. W. 938.

These cases, when carefully examined, will be found not to apply to this case unless it be McCune v. Daniels, 251 S. W. 458, by the St. Louis Court of Appeals where it is said on page 461; ''The law is well settled in this State that it is reversible error to instruct the jury as to the existence of a presumption where evidence was introduced to rebut it,'' and cites a number of Missouri cases in support of that statement of the law in this State. If that statement of the law is to be taken as literally corrected, then error was committed in this case for there was testimony on the part of appellant which tended to rebut the presumption of negligence on its part arising from the fact of the collision on the track at a crossing. That case was decided April 3, 1923. We find, however, that instructions in practically the same language as that used in this case was approved by the Supreme Court en banc in Trowbridge v. Fleming, 269 S. W. 610, 614-15, decided February 17, 1925. We, of course, must follow the Supreme Court, hence we hold that the instruction was not erroneous.

Five instructions were asked by appellant and refused. Eight instructions asked by appellant were given. It will not be necessary to analyze these in detail. Suffice it to say that appellant's case was fully covered by the instructions given at its request and those refused, in so far as they might properly have been given, were covered by those that were given.

We find no reversible error was committed against appellant and the judgment will, therefore, be affirmed.

*Bradley* and *Bailey, JJ.,* concur.