THE STATE EX REL. ST. LOUIS BRIDGE & TERMINAL RAILWAY COMPANY v. GEORGE HAID ET AL., Judges of St. Louis Court of Appeals.—29 S. W. (2d) 714.

Division Two, June 11, 1930.

J. L. Howell, Roy W. Rucker and S. P. McChesney for relator.

*Goodman & Stephenson* and *Freeland L. Jackson* for respondents.

WHITE, J.—Certiorari to the St. Louis Court of Appeals.

One Albert Howard brought suit in the Circuit Court of St. Louis against the relator, St. Louis Bridge & Terminal Railways Company, and against Lewin Metals Corporation. The plaintiff was employed by the Metals Corporation and in his petition he alleged that he was injured by the negligence of his employer and of the Terminal Railways Company.

He obtained a judgment for five thousand dollars against both defendants. Both defendants appealed to the St. Louis Court of Appeals, which reversed the judgment and remanded the cause as against the Metals Corporations and held the judgment against the Terminal Railways Corporation in abeyance until final disposition of the case against the Terminal Railways Company. Thereupon the Terminal Railways Company filed a motion for rehearing, which was overruled, and in due time filed a petition for a writ of certiorari in this court, which writ was granted.

The only point presented by the relator for quashing the record in the Court of Appeals relates to the exclusion of evidence by the trial court. The plaintiff was injured in various ways and among others was an injury to his knee. The opinion states the alleged error thus:

"Thereupon the attorney for the Metals Corporation propounded to the witness a hypothetical question wherein he was asked, in substance, to state whether or not in his opinion, assuming that, on December 7, 1922, about five weeks after the accident, there was no evidence of any injury to plaintiff's knee, plaintiff had received prior to that time such an injury as would have caused the condition he found in the X-ray picture. Plaintiff objected to the question on the ground that it was not based on any facts in evidence. The court sustained the objection. Proffer of proof was made. This was objected to, on the same ground, and the objection was sustained. It is this ruling of the court, in excluding the expert opinion of Dr. Ambrose, that the Metals Corporation assigns as error here."

The Court of Appeals held that the ruling of the trial court in sustaining an objection to the hypothetical question mentioned was error requiring reversal as to the Lewin Metals Corporation, but did not require a reversal as to the Terminal Railways Company, because the latter company did not ask the question, nor object or except to the ruling.

The relator makes the point that the expert opinion of Dr. Ambrose was material on the question of damages, that its exclusion was erroneous and prejudicial, such as to remand the case as to the Lewin corporation, while the final disposition of the Court of Appeals was in effect an affirmance of the judgment against relator. It is claimed that the error affected both defendants alike and that the two could not rightfully be severed without working an injustice to the relator. The opinion of the Court of Appeals follows the ruling in the case of Clark v. Suburban Railways Company, 234 Mo. 396, where a judgment against two defendants was reversed and remanded as to one, and the circuit court directed to hold the judgment as against the other in abeyance until final disposition of the matter as to the one against whom the judgment was reversed and remanded. Relator cites Stotler v. Railroad, 200

Mo. l. c. 149-150; Adair v. Kansas City Terminal Railway Co., 282 Mo. l. c. 162; Gerber v. Kansas City, 311 Mo. 49, l. c. 60.

The point made here is quoted in the last case mentioned, as follows:

"Whatever may have been the instability of this court with reference to the entirety of a judgment in this respect, it is now established that, on appeal, the interests of the parties may be rightfully severed where the errors do not affect them jointly, and the rights of one are not dependent on those of another, and the judgment be reversed as to some and affirmed as to others."

The relator contends that in the Clark case and in the other cases mentioned the error complained of did not affect the parties jointly, alike or in common, nor were the rights of one dependent upon the rights of another, and hence their interests could rightfully be severed, while in this case they could not. Hence, a conflict, it is claimed, arises from the implied rule that if the error affects the parties alike or in common, a reversal of one must work a reversal of the other.

It quotes from the Stotler case, l. c. 149-150, as follows:

"But the later and better rule is to go deeper than the mere shell of the judgment and look into the nature of the case itself, and where the interests of parties to an appeal may be rightfully severed, where the errors do not affect the parties jointly and where the rights of one party are not dependent upon those of another, then, it is not necessary to reverse the entire judgment."

Then relator makes this assertion:

"The error was brought into the case by plaintiff and the error affected Lewin and the relator alike, in common and jointly and the interests of Lewin and relator could not be rightfully severed without working a great injustice to relator."

It will be noted that in the Gerber case the court said that the interests of the parties may be rightfully severed "where the *errors* do not affect them jointly," and where the rights of one party are not dependent upon those of another. It does not say where the essential *issues* of the case do not affect them in the same way. In each of those cases the question was whether the rights of one defendant depended upon those of the other. If not they may be severed by an affirmance as to one defendant and a reversal as to the other, otherwise it is implied that they cannot be severed where the error affects them jointly. The Court of Appeals in ruling upon the motion for rehearing, said:

"The railway company produced Dr. Ambrose. It propounded a hypothetical question to him, different in very material respects from the hypothetical question propounded by the Metals Corporation. The objection to the hypothetical question propounded by the railways company was sustained by the court. The railway

company excepted to the ruling of the court in sustaining this objection, but made no offer of proof whatever. It saved no exception to the ruling of the court on the question propounded by the Metals Corporation. It assigned no error here whatever upon that ruling, or upon any ruling of the court relative to the exclusion of evidence or testimony. But the only error it assigned here was the refusal of its instruction in the nature of a demurrer to the evidence, and submitted at the conclusion of its brief and argument that from the whole record in the case the court below erred in overruling its demurrer to the evidence, and that so far as it was concerned the case should be reversed without remanding. It made no complaint anywhere in its brief or argument of any error on the part of the court in the exclusion of evidence or testimony. It insists, however, that the defense of the case below was made by the defendants jointly, and that, therefore, the error of the trial court in its ruling on the hypothetical question propounded by the Metals Corporation should inure to the benefit of both defendants. We are of the opinion that the record does not justify this insistence. It shows that the defendants answered separately, appeared at the trial by counsel separately, cross-examined the plaintiff's witnesses separately, produced their own witnesses separately, made their objections and saved their exceptions separately, and filed their motions for a new trial. They then appealed to this court separately, and briefed and argued the case here separately.''

The witness Ambrose was produced by this relator, who did not ask the question nor attempt to produce the evidence excluded of which complaint is made. The relator did not object nor except to the ruling. It was in no position to urge error on account of that ruling in the Court of Appeals. The court could not in any event have reversed the judgment as to relator on account of that ruling, because relator had not complained of the ruling nor attempted to preserve it as an error. This would be plain enough if this relator were the only appellant. It is not entitled to reversal on account of any errors of which it did not complain merely because there is another appellant who did complain. This is a question of procedure where the relator is in no position to complain of error. The ruling is not in conflict with those cases where the alleged error arose on the merit of the case of which both parties had a right to complain, and had preserved the error for review. It is not a question here whether both parties urged the same defense. The point decided was that relator did not preserve for review the error on which the case was reversed as to its codefendant. The cases cited are not in conflict with the ruling on that proposition.

We find no conflict with any ruling of this court and the writ improvidently issued is therefore quashed. All concur.