THE STATE EX REL. NAT CUNNINGHAM v. GEORGE F. HAID ET AL., Judges of St. Louis Court of Appeals.—40 S. W. (2d) 1048.

Division One, June 24, 1931.

*Everett J. Hullverson, Mark D. Eagleton* and *Hensley, Allen & Marsalek* for relator.

*Fred H. Blades, George F. Wise* and *Holland, Lashly & Donnell* for respondents.

RAGLAND, J.—This case comes to the writer on reassignment. It is an original proceeding in certiorari, wherein the relator seeks to have quashed the opinion and judgment of the St. Louis Court of Appeals, in the case of Nat Cunningham, respondent, v. Arthur Franke, Louis Franke, defendants, and Hauck Bakery Company, a corporation, appellant, lately before that court on appeal from the Circuit Court of the City of St. Louis. The opinion follows:

"Plaintiff sued Arthur and Louis Franke and the Hauck Bakery Company, jointly, for damages for personal injuries sustained by him. There was a verdict and judgment against all the defendants, and the Hauck Bakery Company has appealed.

"The action was brought to the December Term, 1926, of the Circuit Court of the City of St. Louis, and summons was issued to all the defendants, returnable to said term. The summons to the Hauck Bakery Company was duly served and returned, but the

summons on the defendants Franke, directed to the Sheriff of St. Louis County, was not served until January 29, 1927, and the return of such service was not filed until April 11 following, the February term of the circuit court having intervened. Meantime, an alias summons was issued to the defendants Franke, returnable to the April term. This was directed to the Sheriff of the City of St. Louis. Return on this alias showed that neither of the defendants Franke had been found. On June 6, 1927, a default was granted as to defendants Franke, and on June 30 following, during the same term, an amended petition was filed on which the cause was later tried.

"It is unnecessary to set out the facts at great length, in view of the questions raised here on appeal. It may be well to state, however, that plaintiff received his injuries when the Hauck Bakery truck was struck by a truck belonging to the Frankes, and the bakery truck run upon or was knocked upon the sidewalk and injured plaintiff

"When the case was called for trial plaintiff's counsel proceeded to examine the jury with respect to their connection with the insurance company which carried insurance on appellant's truck. He also proceeded to examine the jury with reference to their connection with two insurance companies which it is alleged carried insurance on the defendants Frankes' truck. There was some colloquy between plaintiff's counsel and the court before the trial proceeded. The court indicated that plaintiff would either have to dismiss as to the Frankes, who made no appearance at the trial, either in person or by counsel, or continue the case to the next term on account of defective service as to them. Plaintiff's counsel insisted that he was satisfied with the service and the trial proceeded, and, as above stated, resulted in a verdict and judgment against all the defendants.

"The question raised on appeal here is that there was no valid service on the defendants Franke, and, therefore, there were but two courses open to plaintiff; that he should have either dismissed the case as to the Frankes and proceeded against the appellant alone, or continued the case and had the Frankes brought in at a subsequent term of court, and, not having done so, the judgment is void, because the judgment as rendered did not finally dispose of all the parties to the action.

"We are of the opinion that appellant's position is well taken. There is no effort on the part of respondent's counsel to sustain the position that the service upon the Frankes was good. With no valid service upon the Frankes, plaintiff should either have dismissed as to them or continued the case until the next term. Plaintiff refused to dismiss as to the Frankes, standing upon the service he had obtained. Under the provisions of Section 4223, Revised Statutes

1919, defendants are given the right of contribution after judgment against them. One defendant in a case where two are sued as joint tortfeasors may appeal, and in the appellate court take advantage of errors committed as to the other defendants, when the judgment is against both, or the relation between the defendants is such that if the appellant is compelled to pay the judgment he would have the right of reimbursement. [Flenner v. Railroad (Mo. App.), 290 S. W. 78.]

"If plaintiff sues only one of several who might be held liable for the tort, or if he sues all but dismisses as to all but one, or if he sues all and the jury holds one and finds in favor of the rest, or if he sues all and obtains a judgment which is good as to one but void as to the rest, there is no contribution. In this case there was more than one defendant held jointly liable by the verdict and judgment, and the statute above referred to applies to defendants in the judgment; that means that it does not apply in cases where judgment goes against one and in favor of another, but in this case we have a joint judgment, in which case the Hauck Bakery Company would be entitled to contribution.

"Plaintiff, prior to the judgment, could have dismissed and proceeded against either party without encroaching upon the right of the other, but he refused to do this. He insisted before the trial that he was willing to stand upon the service he had obtained upon the defendants Franke. After trial he conceded in substance that there was no valid service upon the Frankes, but argues that appellant can not complain. He can not blow both hot and cold in one breath. He had the opportunity to dismiss as to defendants Franke, but refused to do this until after he had obtained judgment, and then, without any effort to sustain the service upon the Frankes, argues that appellant has no right to complain. If the judgment had been silent as to the Frankes it would have been a different situation, but this is a joint judgment against all the defendants, holding all of them jointly liable, and, under the circumstances, even though it is an action in tort, appellant would have the right to complain of any advantage taken of the other defendants. [Flenner v. Railroad, supra; Kilroy v. City, 242 Mo. 79, 145 S. W. 769.]

"It follows, therefore, that the judgment should be reversed and the cause remanded."

Section 956, Revised Statutes 1929, provides:

"When there are several defendants, some of whom do not appear and are neither notified nor summoned, the plaintiff may proceed against those, if any, who do not appear or are summoned or notified, and dismiss his petition as to the others; or he may continue the cause until the next term, and proceed to bring in the other defendants by process or publication, as the case may require."

Section 1077, Revised Statutes 1929, provides:

"When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action."

These sections and other provisions of the Code contemplate that there shall be but one trial of a lawsuit and one final judgment therein, which disposes of all the issues as to all of the parties to the record: that an action shall not be tried piecemeal as to either the issues or the parties. But it does not follow that a judgment against two or more defendants, unimpeachable as to some and erroneous or void as to others, must be set aside as to all, even though there exists as between them a right of contribution. It is every day practice in this and the other appellate courts of the State, on appeals from judgments against two or more defendants in tort actions, to affirm a judgment as to defendants against whom no error was committed and reverse it as to the others, and as to the latter to remand the cause for another trial. [Gerber v. Kansas City, 311 Mo. 49, 60, 277 S. W. 562; State ex rel. v. Blakemore, 275 Mo. 695, 702, 205 S. W. 626.] Yet the Court of Appeals in the case before it reversed, in its entirety, a judgment against three defendants simply because it was of the opinion that the judgment as to two of them was irregular or void. This court has repeatedly held that in such actions one defendant will not be heard to complain of an error committed against a co-defendant, even though the error necessitates a reversal of the judgment as to the co-defendant. [Maher v. Donk Bros. Coal & Coke Co., 20 S. W. (2d) 888, 894, and cases cited.]

The opinion of the Court of Appeals implies that the judgment as to two of the defendants in the case before it was void because of defective service upon them. It concedes that the plaintiff could have dismissed as to these two defendants and proceeded to judgment against the third, and the latter in that event would have had no just cause for complaint. It is inconceivable that the defendant against whom the valid judgment was rendered could have suffered any injury from plaintiff's failure to have had entered in the trial court a formal entry of dismissal as to its co-defendants.

The statute relating to contribution, referred to in the opinion, creates rights and obligations as between defendants in a judgment founded upon an action for tort. It imposes no duty whatever upon the plaintiff with respect thereto. It neither requires plaintiff to bring his action against all of the joint tortfeasors, nor does it require him to obtain a valid judgment against all whom he does elect to sue. In a negligence case recently before this court the action had been brought against four defendants. As to one of them the trial

court had sustained a demurrer to the evidence at the close of plaintiff's case in chief, but the jury had made no finding of the issues as to that defendant and her name had not been mentioned in the judgment. The point was made on appeal that the judgment must be reversed in its entirety because it failed to dispose of the issues as to all the parties to the suit. In passing on it this court said:

"The failure of the judgment to formally dispose of the issues as to the defendant Marie Koch is error appearing on the face of the record proper. But the error is one with respect to which the defendants, in a case of this kind, can not complain. Plaintiff in the first instance was privileged to bring his action against all of the defendants or any lesser number of them, as he saw fit. Having brought it against all, he had a right to discontinue it as to any one or more of them, as he may have been advised. He could have dismissed the action as to any one or more of them at any stage of the proceeding, even after the cause had reached this court on appeal. These rights of the plaintiff were, and are, paramount to any right of contribution which may exist among the defendants as joint tortfeasors. Berkson v. Railway Co., 144 Mo. 211, 216, 45 S. W. 1119; Gerber v. Kansas City, 311 Mo. 49, 60, 277 S. W. 562; Flenner v. Southwestern M. R. Co., 221 Mo. App. 160, 290 S. W. 78." [Lavignon v. Dietzel, 34 S. W. (2d) 92, 93.]

The opinion in the case just referred to was handed down after the decision of the Court of Appeals under review, but its pronouncement was neither new nor novel. In innumerable prior decisions the principle involved had been tacitly recognized and applied. With those decisions the decision of the Court of Appeals is plainly in conflict. Its opinion and judgment are therefore quashed. All concur.