## HARTFORD ACCIDENT & INDEMNITY CO. v. BANK OF COMMERCE.

### No. 12364.

United States Court of Appeals
Fifth Circuit.

Oct. 19, 1948.

B. D. Murphy, Elliott Goldstein, and Max F. Goldstein, all of Atlanta, Ga., and H. B. Williams, of Americus Ga., for appellant.

S. H. Dykes, W. W. Dykes, and Wingate Dykes all of Americus, Ga., and Samuel E. Kelly, Jr., and B. H. Chappell, both of Columbus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and WALLER, Circuit Judges.

HUTCHESON, Chief Judge.

When this case was here before on the Bank's appeal from a directed verdict,[1] it was decided as the law of the case that the evidence presented a question for the jury. Here again, this time on Hartford's appeal from a judgment on a verdict against it, it is quite clear that unless reversible error attending the trial is made to appear, the judgment must, on the authority of the former opinion, be affirmed. Recognizing that this is so, appellant puts forward and vigorously argues two specifications of error.[2]

The first is concerned with the admission of evidence that Frazier, whose fidelity Hartford had insured, had on May 7, three days after the discovery of the facts claimed as breach of the bond, executed security deeds covering all his property, one to the Bank of Dawson for $18,129,

---

[1] Bank of Commerce v. Hartford Acc. & Indem. Co., 5 Cir., 164 F.2d 149.

[2] "1. The court erred in admitting in evidence security deeds executed by Richard Frazier to secure a pre-existing indebtedness."

"2. The Court erred in excluding from evidence testimony that the Farmers Exchange, Inc., was not an authorized dealer in peanuts under the statutes and regulations of the United States."

and one to G. L. Upshaw for $21,632. These were offered "as a circumstance to show consciousness of wrong doing" on his part, and were admitted as "a circumstance to be considered by the jury on the question of fraud." When they were offered, no specific objection to their offer was made, nor was any specific ground for excluding them put forward.[3]

In addition, therefore, to its vigorous insistence that the admission of the deeds was not error, appellee urges upon us that appellant, not having made specific objections below, is not in a position here to complain of their admission.

We think that the objection was most meagerly taken and that a more specific statement of grounds would have been better practice. The district judge, though, understood sufficiently for his ruling that the offered deeds were being objected to as without relevancy to the disputed issue in the case, whether or not Frazier's acts of omission and commission as custodian were with or without fraudulent intent. The admission of the deeds, however, was not reversible error. They were admissible as circumstances having some,[4] if slight, bearing on the inquiry into Frazier's state of mind and, therefore, the nature of his intent in doing the things complained of. If, however, they were not relevant, the circumstances of their giving were fully testified to by Frazier, and we think it clear that it may not be said that their admission was prejudicial error requiring reversal.

Against the second specification, that it was error to exclude testimony that the Farmers Exchange, Inc. was not an authorized dealer in peanuts, appellee, as it did against the first, urges both that no proper exception was taken and that it was not error to exclude it. Pointing out that it was not Hartford but Frazier, the third party defendant, who offered the evidence, that Frazier has not appealed,[5] and that Hartford neither offered the evidence nor objected to its exclusion, appellee insists that it may not now assign error on it.

On its second point, that the court did not err in declining to receive evidence that Farmers Exchange, Inc. was not authorized to, and, therefore, under War Food Order No. 130, could not deal in peanuts, appellee insists that this evidence was without bearing whatever on the sole issue in the case whether and to what extent the bank has suffered loss through fraudulent conduct of Frazier.

We have examined the record containing the colloquy in chambers between court and counsel on the question of this offer. We do not think that either the counsel for Frazier or for Hartford made a clear and positive enough proffer of what

---

[3] The following colloquy, however, occurred:

Mr. Murphy for defendant, Hartford: "These do not show that. They relate to entirely independent transactions."

The Court: "Well, it does reflect something about his financial situation."

Mr. Murphy: "His financial situation is not in controversy here."

The Court: "Well, he is a defendant."

Mr. Murphy: "Yes, sir, but I say whether or not he is able to pay a judgment has nothing to do with his liability."

Mr. Kelly, for plaintiff bank: "It is in the nature of an admission of wrong doing and it shows his admission by putting his property beyond the reach of his creditors."

The Court: "It would be a circumstance to be considered by the jury on the question of fraud. Yes, I think I will admit that."

Mr. Murphy: "Well, we will have to call Mr. Frazier back to explain that."

The Court: "Well, you can do that if you want to, but I think I will let the jury go to lunch."

And after lunch Mr. Murphy recalled Richard Frazier to testify about the deeds. The deeds were then offered in evidence and Mr. Murphy stated: "We, of course, make the same objection we made before, but I understood Your Honor to rule on that."

The Court: "Yes, I admit them on the theory as stated in the office."

[4] Connolly v. Gishwiller, 7 Cir., 162 F.2d 428; Chaufty v. De Vries, 41 R.I. 1, 102 A. 612; Harrod v. Bisson, 48 Ind. App. 549, 93 N.E. 1093; Cusick v. Miller, 102 Kan. 663, 171 P. 599, L.R.A.1918D, 1086; Klein v. Pasch, 153 Minn. 291, 190 N.W. 338; Harmon v. Haas, 61 N.D. 772, 241 N.W. 70, 80 A.L.R. 1139.

[5] State ex rel. St. Louis Bridge & Terminal Rys. Co. v. Haid, 325 Mo. 532, 29 S.W.2d 714; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548.

they intended or hoped to prove or a sufficient insistence upon the offer to put the court in error in excluding the evidence. Indeed, we find no basis for the view that the district judge understood that Hartford was making the offer or objecting to the failure to receive the proof. To put a district judge in error on a matter of this kind, counsel relying upon the claim must have done more than was done here to make and press its point below. If, however, we are wrong in this and it ought to be considered that Hartford was an offerer of the evidence and that it sufficiently excepted to the refusal to receive it, we find nothing in either the confused statements in the record as to the purpose and effect of the offer, or in the briefs to support the view that the trial court can be put in error for not receiving the matter in evidence.[6] It is perfectly plain, we think, that whatever consequences might have been visited on persons deliberately violating the order by dealing without authority, such dealing could not have had any effect upon the liability of Frazier and Hartford on the bond.[7]

No reversible error appearing, the judgment is affirmed.

---

[6] St. Joe Paper Co. v. U. S., 5 Cir., 155 F.2d 93.

[7] Ferguson-Hendrix Co. v. Fid. & Dep. Co., 140 Pac. 700.