## THE STATE ex rel. DUNKLIN COUNTY v. O. C. BLAKEMORE et al., Appellants.

### Division One, September 16, 1918.

1. **JUDGMENT: Entirety.** There can be but one final judgment and it must dispose of all parties; but the common-law rule that judgments are entireties is effective only in exceptional cases.

2. ————: ————: **Suit on Bond: Corrected as to Non-Liable Defendants.** Suit was brought by the county against a defaulting treasurer and his bondsmen. Two of the defendants, sued as heirs of a deceased surety, proved that said surety died before suit was brought on the bond, that his estate had been finally settled in the probate court before the trial of the case and that no claim against the estate was made by the State or county, and they asked the court to direct a verdict in their favor, which request was refused. After verdict they moved for a new trial; whereupon the court set the verdict aside as to them, and rendered judgment in their favor and against the other defendants. *Held*, that the county might have sued any or all of the sureties, since their liability was both joint and several, and judgment against those shown to be liable was proper, and it being conceded that said heirs were not liable the judgment is not to be reversed because the trial court sustained their motion for a new trial.

3. **BOND: County Treasurer: Drainage District Funds: Common Law Liability.** The bond of a county treasurer, whose terms clearly include all county funds except school funds, the statute clearly requiring him to give bond for all moneys that shall from time to time come into his hands from any drainage district in the county, covers drainage district funds; and if not good as a statutory bond, because not conditioned exactly as prescribed by the statutes, is nevertheless good as a common-law bond, and covers drainage funds of districts organized after it was executed.

4. ————: ————: **Interest.** By force of the statute (Sec. 3771, R. S. 1909) the county treasurer and his sureties are liable for interest

State ex rel. Dunklin County v. Blakemore.

on all moneys belonging to the county appropriated by him, from the day he went out of office, at least, and not simply from the time suit was brought.

5. ———: ———: **Application of Payments.** Where the county treasurer did not deposit the funds in his hands separately, but mingled them all in depositing them, the trial court did not err in instructing the jury, in a suit on his bond, that if he was indebted to the county and paid it a less sum than the total due and made no application of the payment to particular funds, the county had the right to apply the payment as it deemed best, and the bringing of the suit upon the bond "is evidence which will authorize you to find there was an application of the payment to his indebtedness, if any, to all funds other than those covered by the bond sued on," no question having been raised by the sureties at the trial as to whether the county court ordered the suit brought. If the treasurer failed to direct the application of the fund, the county had the right to do so; and the bringing of the suit on the bond for the whole deficiency would have bound the county, as an application of payment, in any other proceeding, and was substantial evidence of the county's intention to make the application to the funds mentioned in the instruction.

6. ———: ———: **Commingling of Funds: Estoppel.** In a suit on a county treasurer's bond it was not error to instruct the jury that if he failed to pay over a balance he owed, and if he mingled the several funds so they lost their identity and it became impossible to tell which fund, if any, was short, "then defendants are estopped to deny that such shortage belonged to the funds covered by the bond sued on," although estoppel was not pleaded, there being ample evidence of the facts predicated in the instruction. Whatever estops the principal usually estops the surety; and where he testified that he had mingled the funds and if there was any shortage it was impossible for him to tell where it was, neither he nor his sureties can profit by his wrong.

7. ———: ———: **Good Character.** Evidence of a county treasurer's good character is not admissible in a suit on his bond to recover the amount of county funds appropriated to his own use.

8. **EVIDENCE: Specific Objection.** Appellants cannot be heard to contend that certain evidence offered by them for a specific purpose and rejected was competent for other purposes.

Appeal from Dunklin Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Fort & Zimmerman, Ely, Pankey & Ely* and *Jones & Jones* for appellants.

(1) The court erred in overruling appellants' separate motion for new trial and appellants' separate motion in arrest of judgment, after sustaining separate motion for new trial and separate motion in arrest of judgment of appellant's co-defendants, Langdon Jones and Byron Jones, as there can only be one final judgment in a cause disposing of all parties. Sec. 2079, R. S. 1909; Crow v. Crow, 124 Mo. App. 125; Miller v. Bryden, 34 Mo. App. 608; Eichelmann v. Weiss, 7 Mo. App. 89; Holborn v. Naughton, 60 Mo. App. 105; Bremen Bank v. Umrath, 55 Mo. App. 49; State ex rel. v. Canterbury, 124 Mo. App. 246; Hughey v. Eyssell, 167 Mo. App. 564; State ex rel. v. C. & A. Railroad, 265 Mo. 716; Star Bottling Co. v. Exposition Co., 240 Mo. 639; Mann v. Doerr, 222 Mo. 10; 23 Cyc. 816; Mahoon v. Colment, 51 Miss. 60; Crews v. Lackman, 67 Mo. 619. (2) The court erred in giving plaintiff's instruction (a) because it authorized a recovery on the bond sued on for a shortage in drainage district funds which are not covered by the bond sued on. Sec. 5605, R. S. 1909; State ex rel. Maries Co. v. Johnson, 55 Mo. 82; City of Harrisonville v. Porter, 76 Mo. 360; State ex rel. Martin v. Harbridge, 43 Mo. App. 18. (b) Because said instruction authorized a recovery of interest from January 29, 1909, when there was no evidence of a demand made on the sureties prior to the institution of this suit on April 15, 1911. McDonald v. Loewen, 145 Mo. App. 59; Burgess v. Cave, 52 Mo. 45; Benton v. Craig, 2 Mo. 198; 5 Cyc. 767. (3) There was no evidence of any order made by the county court for the institution of this suit and no evidence that the funds other than those covered by the bond sued on received the money actually turned over by Blakemore to his successor, or that the funds covered by the bond sued on suffered the loss of the shortage. Sec. 3781, R. S. 1909; State ex rel. v. Forrest, 177 Mo. App. 251; Blades v. Hawkins, 133 Mo. App. 337; Sanderson v. Pike County,

195 Mo. 604; Manpin v. Franklin County, 67 Mo. 329; Dennison v. St. Louis County, 33 Mo. 171; Barnett v. Kemp, 258 Mo. 159. Said instruction assumed a fact not proven, to-wit, that the county had authorized the bringing of this suit; and was in effect, directing a verdict for plaintiff and was a comment on the evidence. Sanderson v. Pike County, 195 Mo. 605; State ex rel. v. Morrison, 244 Mo. 211; Scheurer v. Rubber Co., 227 Mo. 357; Muncey v. Bevier, 124 Mo. App. 15; Crow v. Railroad, 212 Mo. 610; Barnett v. Kemp, 258 Mo. 159; Richardson v. Richardson, 166 Mo. App. 164. The doctrine of application of payments does not apply where the party attempting to invoke the doctrine is only acting in a fiduciary capacity for the benefit of others and does not own the several outstanding accounts in his own right. In re Switzer, 201 Mo. 88; State ex rel. v. Elliott, 157 Mo. 617; State ex rel. v. Branch, 151 Mo. 637. The responsibility of these sureties arises from their bond; not from what the county court might have done or not have done. Todd v. Boone County, 8 Mo. 437; Draffen v. City of Boonville, 8 Mo. 395. Application must be made before suit brought. Shortridge v. Pardee, 2 Mo. App. 366; Ponlun v. Collier, 18 Mo. App. 607; United States v. Kirkpatrick, 9 Wheat (U. S.), 724; Johnson v. Thomas, 77 Ala. 369; Lazarus v. Freidheim, 51 Ark. 378; Fairchild v. Holly, 10 Conn. 184; Applegate v. Koons, 74 Ind. 248; Robinson v. Doolittle, 12 Vt. 249. (4) No estoppel against defendants was pleaded, and there was no evidence introduced warranting the invocation of the doctrine of estoppel. Osborn v. Court of Honor, 152 Mo. App. 661; Loving Co. v. Hesperian Cattle Co., 176 Mo. 352; Chance v. Jennings, 159 Mo. 558; Throckmorton v. Pence, 121 Mo. 60; Blodgett v. Perry, 97 Mo. 273; Barnett v. Kemp, 258 Mo. 158. (5) The court erred in excluding testimony offered by defendants of the previous good reputation for honesty and fair dealing of O. C. Blakemore. State v. Wilcox, 179 S. W. 479.

*George Smith, Jas. A. Bradley, J. P. Tribble, C. M. Edwards* and *Lee B. Ewing* for respondent.

There is no merit in appellants' attack on the judgment. There was a judgment against appellants for the amount of the jury's verdict. As to Langdon Jones and Byron Jones, the court sustained their motion for a new trial, then sustained their demurrer and rendered judgment in their favor against plaintiff. The rights of all the parties to the litigation were settled by the decree. It was final. Sec. 2090, R. S. 1909; Rock Island Implm't. Co. v. Trust Co., 168 Mo. 256; Leslie v. Rhea, 9 Mo. 172; Rogers v. Gasnell, 51 Mo. 466. Even if the judgment were erroneous as to Langdon Jones and Byron Jones, it was not void, and this court would be authorized to correct the error and enter final judgment here. State ex rel. v. Tate, 109 Mo. 265; Carpenter v. St. Joseph, 263 Mo. 712; Patterson v. Yancey, 97 Mo. App. 698. (1) This obligation of the bond was broad enough to, and did, include the receiving and disbursement of drainage district funds. It was a part of the duties of the county treasurer, as such treasurer, to receive and disburse the drainage funds. R. S. 1909, secs. 5599, 5603, 5604, 5622, 5634; Beer v. Wolf, 116 Mo. 184; State ex rel. v. Tittman, 134 Mo. 171; State v. Curtis, 67 Mo. App. 431; Martin v. Whiter, 128 Mo. App. 125; Calhoun v. Gray, 150 Mo. App. 600; Murphy v. Carlin, 113 Mo. 120; Good v. St. Louis, 113 Mo. 270; Webb v. Insurance Co., 134 Mo. App. 580; State v. Sappington, 68 Mo. 454. (2) Interest was recoverable upon the shortage of Blakemore at least from the time he went out of office, January 29, 1909. The law imposed the duty on him and his sureties to make settlement at that time. The bond in suit is their written contract to do this. No demand was necessary to be made upon the sureties in order to entitle the respondent to recover interest. Interest was recoverable from date of conversion. Sec. 3771, R. S. 1909; Sec. 7179, R. S. 1909; Clark County v. Hagman, 142 Mo. 430; State ex rel. v. Sandusky, 47 Mo. 381; McPhillips v. McGrath, 117 Ala.

549; 22 Cyc. 1543, 1544, 1551; Hazlett v. Holt County, 51 Neb. 716. (3) In the absence of any directions from Blakemore as to the particular funds to be credited with his payment to his successor, the county had the right to make the application to the payment and the discharge of his indebtedness, to any fund it saw fit. There was no evidence in this case that of the particular money paid over by Blakemore enough did not belong to the school fund to discharge his obligations to that fund. State v. Smith, 26 Mo. 266; 37 Cyc. 1221; Pratt's Appeal, 41 Conn. 191; Speck v. Comm., 3 Watts (Pa.), 324; Sandwich v. Fish, 2 Gray (Mass.), 298; Grafton v. Reed, 34 W. Va. 72; Readfield v. Shaver, 50 Me. 36, 79 Am. Dec. 592. (4) The bringing of this suit on the particular bond was an election by the county to apply the payment made in January, 1909, to the discharge of his indebtedness on all other bonds. Haynes v. Waite, 14 Cal. 446; Starrell v. Barber, 20 Me. 457; Bobs v. Stickney, 36 Ala. 482; Mayor of Alexandera v. Patten, 4 Cranch. 317. (5) In the court below, no question was raised that this suit was not instituted and prosecuted by Dunklin County, by its duly constituted and qualified officers. Nor was any question raised by appellants as to the county's right to bring this suit. Therefore, appellants will not be heard to assert any such contention here. State ex rel. v. Sappington, 68 Mo. 456; Walker v. Owen, 79 Mo. 567; Mechanic's Bank v. Gilpin, 105 Mo. 21. (6) The criticism that no estopped was raised by the pleadings is without merit. It is only necessary to plead an estoppel when it is the basis of the suit. A party is never deprived of the benefit of an estoppel where it could not be pleaded, or where it arises out of a matter which is not the foundation of the suit. Long v. Lackawana Coal Co., 233 Mo. 738; Tyler v. Hall, 106 Mo. 313; Thomas v. Smith, 51 Mo. App. 610; Covell v. Western Union Tel. Co., 164 Mo. App. 630; Saginaw Coal Co. v. Connelly, 146 Mich. 395; Hayes v. Va. Mut. Protective Assn., 76 Va. 225. (7) Even if it was necessary to plead an estoppel, still if evidence tending to establish the estoppel is admitted without

objection, necessity of pleading it is waived.   Capital Lumber Co. v. Barth, 81 Pac. 995; Davis v. Davis, 26 Cal. 23; Weinstein v. National Bank, 69 Tex. 38; Hanson v. Buckner, 4 Dana (Ky.), 255; Standard Sanitary Co. v. Arrott, 135 Fed. 756.   (8)   By mingling moneys arising from funds covered by different bonds, and keeping all in one common account, so that it was impossible to tell to what fund the money abstracted by him belonged, Blakemore committed a wrong, and he and his sureties are estopped to take advantage of same. Broom's Legal Maxims (8 Ed.), 234, 235; Argill v. Sarpy, 1 Mo. 720; Frank v. Caruthers, 108 Mo. 569; Western Construction Co. v. Stone Co., 80 N. E. 856; Taylor v. State to Use, 11 L. R. A. 852; N. Y. Mutual Ins. Co. v. Armstrong, 117 U. S. 591; Van Kirk v. Addler, 111 Ala. 104.   (9) An act of the principal which estops him to set up a defense personal to himself estops the sureties on his bond from setting up the defense. Henry County v. Salmon, 201 Mo. 167; McCabs v. Rainey, 32 Ind. 309; Pattersons' Appeal, 48 Penn. St. 345; Boone County v. Jones, 12 N. W. (Ia.) 995; Seaver v. Young, 145 Ill. 253, 48 Ill. App. 419.

BLAIR, P. J.—This is an appeal from a judgment in a suit against the treasurer of Dunklin County and the sureties on his bond.   The treasurer's books show a shortage of more than $14,000.   Over $6000 of this occurred during his first term.   He was re-elected in 1906, and went out of office January 29, 1909.   The verdict was for the shortage during his second term and interest from the date he went out of office.   Three defendants were sued as the heirs of a deceased surety. One of these was not served.   The other two proved their ancestor died before suit was brought and that his estate had been finally settled in the probate court before the trial of the case.   No claim against the estate was made by the State or county. These defendants, Jones by name, asked the court to direct a verdict in their favor.   This was refused.   After verdict against all defendants, they moved for a new trial.   The court

set aside the verdict as to defendants Jones, and then rendered judgment in their favor and against the other defendants. Other facts are stated in connection with the discussion of questions to which they are relevant.

I.   It is argued the judgment must be reversed because the court sustained the motion of Langdon and Byron Jones for a new trial.   Counsel are correct in the view that there can be but one final judg-

**Judgment.**   ment and it must dispose of all parties. [Sec. 2097, R. S. 1909; Connelly v. Railroad, 169 Mo. App. l. c. 281.]   The final judgment in this case does not offend this rule. Every party has judgment either for or against him.   It is not contended the judgment in favor of Langdon and Byron Jones proceeded upon any erroneous view of their rights on the merits of their defense.   The defense which was sustained applied to no other defendant.   It was made out by record proof or its equivalent.   It is settled that if judgment had gone against these and they had appealed, this court, in case their non-liability appeared as a matter of law, must have reversed the judgment as to them regardless of the fate of the appeal of the rest.   [Carpenter v. St. Joseph, 263 Mo. l. c. 712.]   In many cases this court affirms as to some appellants and reverses as to others.   The common-law rule that judgments are entireties is effective only in exceptional cases.   [State ex rel. v. Tate, 109 Mo. l. c. 270 et seq.; Patterson v. Yancey, 97 Mo. App. l. c. 698.]   In this case the liability was joint and several.   [Sec. 2769, R. S. 1909.]   Respondent might have sued all or any of those it did sue.   [Sec. 2772, R. S. 1909; State ex rel. v. Hoshaw, 86 Mo. 193.]   Having sued all, judgment against those shown to be liable was proper.   [Bagnell v. Railway, 242 Mo. l. c. 20; Crews v. Lackland, 67 Mo. l. c. 621.]   Cases are cited in which all defendants were liable or none was so.   These decisions are inapplicable. The case of Hughey v. Eyssell, 167 Mo. App. 564, is peculiar.   The action was against two defendants.   The

trial court directed a verdict in favor of one of these. The jury ignored the direction and found generally for plaintiff. The trial court rendered judgment against one only and in favor of the one for whom it had attempted to direct a verdict. It was held defendants were jointly liable and subject to contribution, and the appealing defendant had "a right to have the question determined whether" the other was "to bear any share of the burden." One judge dissented. In the case at bar this question was not presented to the trial court by any of the motions. It is unnecessary to discuss the soundness of the rule applied in the Eyssell case.

In the circumstances it cannot be held there is in this case any reversible error presented by this contention of appellants.

II. It is insisted the bond does not cover drainage district funds. The condition of the bond is that if Blakemore "shall faithfully discharge the duties of said office of treasurer of said county according Treasurer's to the laws of the State of Missouri in re-Bond: Drainage ceiving, handling and disbursements of all District funds, except school funds of said county, Funds. school township and school district funds then this obligation to be void, otherwise," etc.

Section 3752, Revised Statutes 1909, requires the county treasurer to give bond "conditioned for the faithful performance of the duties of his office." Section 5605, Revised Statutes 1909, requires him to "enter into a separate bond for each drainage district organized in the county . . . conditioned for the faithful disbursement, according to law, of all such moneys as shall from time to time come" into his hands.

The bond in suit is not conditioned exactly as prescribed by either of these statutes. Nevertheless, its terms plainly include all county funds except school funds. The obligation to give bond for all these moneys is clear. If not good as a statutory bond, it is good as

a common-law bond. It contravenes no public policy, violates no statute, was voluntarily given, and secures, by its terms, moral and legal obligations of the treasurer. The statute provides no form and does not purport to nullify bonds conditioned otherwise than as prescribed. It is good to the full extent of its conditions. [State ex rel. v. O'Gorman, 75 Mo. l. c. 378, 379; State ex rel. v. Sappington, 67 Mo. l. c. 533; State ex rel. v. Horn, 94 Mo. l. c. 165; Barnes v. Webster, 16 Mo. l. c. 265.]

In the cases relied on by appellant it was held that a bond given in one capacity could not be resorted to in case the official defaulted in a distinct capacity.

It is suggested the bond could not cover drainage funds of districts organized after the bond was executed. We think this bond is to be held to have been given in contemplation of whatever the law authorized to be done. Among these things was the organization of drainage districts, of the funds of which the treasurer would become custodian by force of the existing statute.

III. It is conceded the verdict is for the amount of the shortage during 1907-1908, with interest from the 29th of January, 1909, at which date Blakemore went out of office. It is contended interest did not begin to accrue until suit was filed. The statute (Sec. 3771, R. S. 1909) provides that the treasurer "at the end of his term . . . shall immediately make such settlement, and deliver to his successor in office . . . all money belonging to the county." In Clark County v. Hayman, 142 Mo. l. c. 434, 435, it was held the failure to comply with this requirement was a breach of the bond and that no order of the county court requiring him to comply was necessary. In other words, the balance in his hands became due by force of the statute. As a consequence he and his sureties are liable for interest from the end of his term. It is unnecessary to decide whether, as is held elsewhere, he is liable for interest from the time a conversion occurs.

*Interest.*

IV. The treasurer did not deposit the funds separately. He mingled them all in depositing them. The court instructed, in effect, that if Blakemore was indebted to the county and paid it a sum less than the total due and made no application of the payment to particular funds, the county had the right to apply the payment as it deemed best, and the bringing of this suit upon the bond in question "is evidence which will authorize you to find there was an application of the payment to his indebtedness, if any, to all funds other than those covered by the bond sued on."

*Application of Payment.*

It is urged (1) a record of the county court is essential to show application of the payment; (2) it is not shown the county court ordered this suit brought, and (3) the filing of suit does not tend to prove an application of the payment.

In case Blakemore failed to direct the application of the fund, the county had the right to do so. [State ex rel. v. Smith, 26 Mo. l. c. 231, 233; Henry County v. Salmon, 201 Mo. 166, 167.] Appellants went through the trial without raising any question whether this action was ordered by the county court. What they assumed throughout the trial, we must assume here. The bringing of the action for the whole deficiency on the bond involved would have bound the county, as an application of payment, in any other proceeding. [Haynes v. Waite, 14 Cal. 446, and cases cited.] It was substantial evidence of the county's intent to make the application to the funds mentioned in the instruction. [Starrett v. Barber, 20 Me. l. c. 461.] There is no question of "shifting responsibilities" by the application made. The bond was executed in contemplation of every applicable principle of law, the law of the application of payments as well as any other.

V. The court instructed, in substance, that if Blakemore failed to pay over a balance he owed, and if it

was found he mingled the several funds so they lost their identity and it became impossible to tell which **Estoppel.** fund, if any, was short, ''then defendants are estopped to deny that such shortage belonged to the funds covered by the bond sued on,'' etc.

It is contended (1) estoppel was not pleaded, and (2) was not proved.

There was ample evidence of the facts predicated in the instruction. There was no objection to the evidence. Though not pleaded, estoppel was available. There was no opportunity to plead it and it was not the basis of the action. [Long v. Coal & Iron Co., 233 Mo. l. c. 738.] Blakemore testified he mingled the funds and ''If there was any shortage it was impossible for me to tell where it was;'' i. e. in what funds. Ordinarily, whatever estops the principal, estops the sureties. Blakemore was in no position to assert the shortage was in the school funds. He had brought about a condition which rendered it impossible to determine where it was. To permit him to produce this condition and then defeat a suit against him on the ground that respondent could not prove something he had rendered impossible of proof, would be to permit him to profit by his own wrong. Such a defense is not permissible. Public policy forbids recognition of a defense which would make it possible for every county treasurer, by merely mingling funds, to defeat all liability on his bond. The instruction is not open to the objection made.

VI. Evidence of Blakemore's good character was inadmissible. His character was not attacked in such **Good Character.** sense, if in any, as to render such evidence competent. [Bank v. Richmond, 235 Mo. l. c. 542, and cases cited.]

VII. Certain evidence was offered for a specified purpose. It was rejected. Appellants now contend it was competent for other purposes and it was error to exclude it. Having made their offer and secured a ruling on specific grounds, appellants cannot now con-

vict the court of error by assigning reasons not given when the offer was made. [Fearey v. O'Neill, 149 Mo. l. c. 473.]

VIII.   Other questions are raised, but are disposed of by the conclusions reached in preceding paragraphs.

Affirmed. All of the judges concur; *Bond, J.,* in result.