In re the MARRIAGE OF Ethele Fogle HANNERS, Petitioner-Respondent,

and

Franklin Thomas Hanners, Appellant.

No. 10415.

Missouri Court of Appeals, Springfield District.

April 18, 1977.

L. Joe Scott, D. James Markel, Poplar Bluff, for petitioner-respondent.

John A. Casey, David W. Keathley, Poplar Bluff, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

The trial court entered a default judgment dissolving the marriage and dividing the marital property of Ethele Fogle Hanners and Franklin Thomas Hanners. Appellant husband had been personally served and employed an attorney, but no answer was filed to the wife's petition for dissolution and neither he nor his counsel appeared for trial. Thereafter, appellant filed his "Motion To Set Aside Judgment Entry." The trial court held a hearing on the motion and overruled the same. We affirm.

■ Appellant's motion to set aside the default judgment did not allege any *facts* showing he had a meritorious defense or that he had a reasonable excuse for default. *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114 (Mo.1955); *Uldrich v. Tharp,* 547 S.W.2d 498 (Mo.App.1977). As to his excuse for default, appellant testified at the hearing on the motion to set aside that he had made no effort to ascertain the status of the dissolution action filed by his wife. The wife testified she had told appellant she was going to proceed with the dissolution. There were no allegations of facts and no evidence was adduced that appellant or his attorney exercised reasonable diligence to prevent a default judgment. And counsel's negligence in permitting a default judgment is, in the absence of fraud or collusion, imputable to the client. *Fulton v. International Telephone & Telegraph Corp.,* 528 S.W.2d 466, 469 (Mo.App.1975), cert. denied, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317; *Askew v. Brown,* 450 S.W.2d 446, 450 (Mo.App.1970). Under these circumstances the trial court did not abuse its discretion in refusing to set aside the default judgment. See *Clinton v. Clinton,* 444 S.W.2d 677, 681 (Mo.App.1969).

■ Appellant's remaining point attempts to raise an issue not presented to the trial court in the motion to set aside default judgment. Since the point was raised for the first time on appeal, we decline to review it.

The judgment is affirmed.

All concur.