**Karl M. BOYER, Appellant,**

v.

**Sherry I. BOYER, Respondent.**

**Nos. KCD 29325, KCD 29524.**

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

Carl E. Laurent, Independence, for appellant.

Donald L. Allen, Lee's Summit, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

From a decree dissolving his marriage, the husband appeals as being excessive those portions which ordered him to pay child support and attorneys' fees on behalf of the wife.

The husband was 23 years old at the time of trial. He had entered the Army at age 18 and had married the respondent approximately a year later in 1972. Three years after that, in February, 1975, the husband left the Armed Service.

Following that, the husband was on unemployment compensation for six months. He then entered the University of Missouri at Kansas City as a student in September, 1975. The parties separated on September 18, 1976, at which time the husband was in his second college year majoring in geology. His sole source of income was payments under the G.I. Bill of $390 per month, against which he testified that he had total monthly expenses living alone of $320.

At the time of trial the wife was working full time, receiving take home pay of $125 per week. The living cost for her two children according to the figures given by her in testimony totaled $310 per month. During the period of more than three months that intervened between the separation and date of trial, the husband had made contributions toward child support totaling only $20. The wife had managed to make financial ends meet by borrowing money from her father.

Judge Peters in the trial court awarded child support of $150 per child per month and also ordered the husband to pay the wife's attorney fee in the amount of $500. When the husband appealed from that award, the wife filed a motion for costs on appeal. This motion came for hearing before Judge Gant, who awarded $1,000 for attorneys' fees and the costs of printing on appeal. The husband took a second appeal from Judge Gant's ruling, and the two appeals have been consolidated in this court.

■ The parties are in agreement with respect to the general principles of law which require that an award of child support and of attorneys' fees to the wife must give regard not only to the needs of the wife and the children, but also to the ability of the husband to pay. *In re Marriage of C___ S___ B___*, 546 S.W.2d 186 (Mo.App.1976); *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo.App.1977). After giving recognition to that undoubted rule, the parties part company. The husband emphasizes the fact that his sole income consists of $390 per month and he insists that it was an abuse of discretion to order him to pay from that small sum $300 per month to the children plus an additional $1,500 in legal costs for the wife. In his view, the appropriate award should be $100 per month, which would equal the amount of the governmental allotment which he receives by reason of having those two dependents. On the other hand, the wife points out that the husband admitted in his testimony that he is able bodied and she contends that it is his obligation to seek at least part time work to supplement the government student allowance. She points particularly to the following testimony by the husband as showing his attitude:

"Q. But in any event you are employable, you could be employable making a substantial wage, isn't that true?

A. Well, I'll have to go back. I'm a full time student and I fully intend to finish my schooling. When I get out I intend to give her more child support and take care of the kids

the best I can, but right now finishing school is the main thing.

Q. In the meantime, so far as you're concerned, she's just going to have to do with that one hundred a month, is that what you are saying?

A. No, I didn't say that. You said that."

The husband's desire to obtain a college degree can only be commended. Against that, however, must be set his higher duty to contribute to the support of the two children whom he brought into the world. There are ways by which he can do both. For example, he can take on a part time job. If necessary, he can lighten his scholastic load and stretch out his education over a longer period of time. Another possible recourse would be to apply for a student or other type of loan. How the husband wants to proceed with respect to the avenues open to him is a matter for him to choose. But, he cannot voluntarily decline to work and then plead lack of income as an excuse for not being able to contribute adequately to his children's needs. As stated in *Foster v. Foster*, 537 S.W.2d 833, 835 (Mo.App.1976):

"His lack of initiative in the face of his own wants and the needs of the children suggests both a lack of interest in employment and a pretense as to his personal circumstance. The inaction of the appellant, otherwise physically fit and talented for varieties of work, could reasonably have been understood by the trial court as a voluntary refusal to use his capacity to earn and pay. See *Weiss v. Weiss*, 392 S.W.2d 646, 647[1, 2] (Mo.App. 1965).

"The authorities agree that a court may, in properly circumstances, impute an income to a husband according to what he could have earned by the use of his best efforts to gain employment suitable to his capabilities. * * *"

See also *Butler v. Butler*, 562 S.W.2d 685 (Mo.App.1978). The trial court accordingly committed no error in refusing to consider the husband's ability to pay to be limited to the amount of the $390 monthly government allotment. The award of child support is supported by the evidence, and is not against the weight of the evidence or legal principle. It must therefore be affirmed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Nor does the husband have just complaint with respect to the scanty proof offered by the wife's lawyer as to his services at the trial level to support the award of $500 in attorney fee. Judge Peters presided over the trial and could evaluate the nature of preparation and time involved. Moreover, a judge is deemed an expert on the value of legal services so as to dispense with the need for any further expert testimony on that score. *Barnhill v. Barnhill*, 547 S.W.2d 858, 860[6] (Mo.App.1977).

However, the husband is entitled to some relief with respect to the amount of the award for costs on appeal. Judge Gant, who set the allowance in this regard, was at a double disadvantage in that: (1) he had not heard the original testimony which was given before Judge Peters, and (2) he had to estimate the amount of legal work which would subsequently have to be expended in connection with the appeal to this court. As compared with Judge Gant, this court has the advantage of having the transcript of what transpired before Judge Peters, we have had the opportunity to see the briefs filed in this court and know what has transpired with respect to oral argument. In these respects the transcript and briefs show that the legal issues are narrowly circumscribed, the legal principles governing the appeal are well settled, and the only problem is the application of those settled rules to the facts of this case. The facts in turn are also simple, with the transcripts both before Judge Peters and also before Judge Gant being extremely short. The briefs filed by the parties are equally short. Moreover, oral argument was waived in this court and the cause was submitted for decision on the written briefs.

Under all of the circumstances and particularly considering the straitened financial circumstances of the husband, instead of the award of $1,000 to cover costs of

appeal, a fairer award will be $500 plus reimbursement to the wife for the out of pocket cost for the mimeographing of her brief.

The decree entered by Judge Peters on December 27, 1976, is affirmed. The judgment entered by Judge Gant on April 12, 1977, awarding $1,000 to the wife for her costs on appeal is modified to reduce that award to $500 plus reimbursement to the wife for out of pocket cost of her brief. Upon presentation to the Clerk of the Court of a voucher showing the cost of mimeographing, that amount will be included in the mandate of this court. Court costs on this appeal will be taxed to the husband.

All concur.