**In re the MARRIAGE OF Mary Ann CODY, Petitioner-Respondent,**

**and**

**James Joseph Cody, Respondent-Appellant.**

**No. 39196.**

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 13, 1978.

Hanks, Taylor & Suddarth, W. Morris Taylor, Jerry L. Suddarth, Clayton, for respondent-appellant.

Shaw, Howlett & Schwartz, Robert W. Meyers, Clayton, for petitioner-respondent.

GUNN, Presiding Judge.

The issue in this dissolution appeal, as alleged by appellant-husband, is whether the trial court abused its discretion in directing him to pay the respondent-wife $260 per month maintenance. The appellant alleges that there is no evidence to show that he had any income from which to make payments; that, further, the respondent had been able to provide for herself for the approximately three years separation period. We affirm.

True, there is little evidence to show the appellant's income. Except for the respondent's reference to income derived by appellant from a bookie operation and some sort of tavern operations, including the purchase and sale of a tavern—specifics as to appellant's income were nubilous. Apparently, appellant hangs around saloons, plays a bit of pool, shares living arrangements with various men and women and borrows money from his mother and girlfriend. While he professes having a bad back, he readily concedes that the ailment is not disabling.

The respondent suffers from a debilitating pulmonary and heart infirmity which leaves her totally disabled. Her sole source of income is from an approximate $290 a month social security payment and what her mother can give her. She presented evidence of substantial medical and cost of living expenses.

From the evidence, it appears that the appellant is employable and that his efforts to obtain employment have been deliberately minimal. We have held that a spouse may not voluntarily decline to work and plead lack of income as a basis for shirking his responsibilities to his family. *Boyer v. Boyer*, 567 S.W.2d 749 (Mo.App. 1978); *Butler v. Butler*, 562 S.W.2d 685 (Mo.App.1978). The evidence supports a finding that the respondent is physically unable to provide for her needs; that the responsibility for her maintenance falls upon the appellant—not respondent's mother as appellant seems to contend. *Suesserman v. Suesserman*, 539 S.W.2d 741 (Mo. App.1976). The award of maintenance is supported by the evidence and is not against the weight of evidence or legal principle and must be affirmed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

After reading the transcript, briefs and authorities cited and considering the relevant factors of § 452.330, RSMo Supp.1975, we find no abuse of the trial court's discretion and conclude that an extended opinion would be of no precedential value. Rule 84.16(b).

Judgment affirmed.

KELLY and REINHARD, JJ., concur.