Albert William BROWN,
Petitioner–Appellant,

v.

Donna Rae BROWN,
Respondent–Respondent.

No. 41367.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1980.

Larry G. Mittendorf, Philip E. Morgan, Jr., Union, for petitioner–appellant.

Daniel R. Devereaux, St. Louis, for respondent–respondent.

STEWART, Judge.

This action for dissolution of the marriage of Albert W. Brown and Donna Rae Brown is before us for the second time. The prior appeal, *Brown v. Brown*, 561 S.W.2d 374 (Mo.App.1977) is the root of appellant's primary complaint. The parties will hereafter be referred to as husband and wife.

The parties were married on March 20, 1976. A child was born on August 26, 1976. The parties separated September 2, 1976. On September 10, 1976 husband brought an action for dissolution of marriage by next friend. Both parties were 18 years of age at the time the action was filed.

The petition alleged that the marriage was irretrievably broken and that no minor children had been born of the marriage. Wife was served with process but made no response and did not appear when the case was tried on December 7, 1976. Husband testified as to the facts of the marriage and that there were no children born of the marriage. The court found that the marriage was irretrievably broken and that there were no children born of the marriage and entered its interlocutory order of dissolution of marriage. Statutory notice under § 452.320(1) RSMo 1973 Supp.[1] was sent to wife advising her that a final judgment would be entered at the expiration of ten days unless she filed written objections to the interlocutory order.

Wife filed a motion to set the interlocutory order aside, which among other things alleged that a child had been born of the marriage. The trial court treated wife's motion as a motion to set aside a default judgment, found that she had been properly served with process, was aware of the proceedings, and that no fraud had been perpetrated upon her. It then decreed that its interlocutory order became a final judgment.

Wife appealed from the judgment and this court reversed and remanded the case "for further proceedings consistent with this decision."

Upon remand wife filed an answer and cross–petition in which she alleged that there was a child born of the marriage. She sought custody of the child, child support, maintenance and attorney fees.

Upon retrial husband contended that the trial should be confined to the issue of whether the marriage was irretrievably broken and that wife could not expand the issues on remand. The trial court heard all of the issues raised by the pleadings, found that the marriage was irretrievably broken and that a child had been born of the marriage. It entered judgment dissolving the marriage and awarded custody of the minor child to wife with reasonable right of visitation and temporary custody to the husband. It also made an award of child support and attorney fees.

Other facts relevant to our discussion of this case will be set out hereafter.

■ Husband's principal complaint is that under our opinion and mandate in *Brown v. Brown, supra*, the trial court had jurisdiction to consider only the issue of whether the marriage of the parties was irretrievably broken and that it erred in hearing the issue of the paternity of the minor child and in making an award for child support and attorney fees.

Our mandate and our opinion, in effect, provides that the judgment rendered "be reversed, and the cause be and is hereby remanded to the aforesaid court for further

---

1. The statute has been repealed and § 452.320 RSMo 1977 Supp. has been enacted.

proceedings consistent with the opinion" of the court.

Husband places his reliance upon that portion of *Brown* at 378 that reads as follows:

"We hold that the legislature by its enactment of § 452.320(1) because of its deep concern for the maintenance of the family unit, has declared the following to be the public policy of our state: Where a spouse is in default by failing to file an answer to the original petition that sought a dissolution of the marriage, the trial court is authorized to enter an interlocutory decree provided it finds the marriage to be irretrievably broken. Next, it becomes the duty of the trial court to notify the spouse in default as provided in § 452.320(1). If, on the other hand, the spouse in default files an objection to the interlocutory decree alleging that the marriage is not irretrievably broken, the trial court then must hold a hearing and make findings as provided in § 452.-320(2)."

Husband contends that our mandate and opinion is a special rather than a general remand in which we have restored jurisdiction to the trial court for the limited purpose of determining whether the marriage was irretrievably broken. He relies on a line of cases that include *Dalton v. Johnson*, 341 S.W.2d 596 (Mo.App.1960) and *Abrams v. Scott*, 357 Mo. 937, 211 S.W.2d 718 (Mo. banc 1948). None of these cases involve an interlocutory order.

Husband's argument is based on the premise that the initial order entered by the trial court was a default judgment. The basic holding of this court is that the order entered by the trial court on December 7, 1976 was not a default judgment. An interlocutory order becomes a default judgment only if no objection is filed to the order within the ten day period. As the court said, "[a]t this point the final decree of dissolution is a true default judgment inasmuch as there has been no answer filed nor any objections to the interlocutory decree. A motion to set aside the default judgment would then be appropriate." *Brown v. Brown*, at 378.

The order entered by the trial court on December 7, 1976 was not a judgment but was an interlocutory order subject to modification or vacation by the trial court. *Thompson v. Hodge*, 348 S.W.2d 11 (Mo. App.1961). The trial court purported to enter a final judgment on the mistaken premise that wife was seeking to set aside a default judgment. The effect of our opinion was that the interlocutory order had never ripened into a default judgment. It was subject to modification or vacation by the trial court. The trial court had jurisdiction to hear the cause de novo and enter the present judgment.

As we read husband's second point he contends that the court erred in sustaining an objection when he asked Nadine Thompson, wife's mother, "[d]id you ever tell Bill's mother, Mrs. Brown, that you did not know who the father of the child was?"

Husband's stated reason for offering this evidence at trial was that it went to proof of paternity. He contends for the first time on appeal that the question was relevant to the credibility of the witness. We may not convict the court of error for reasons not given by husband when the evidence was offered at trial. *State ex rel. Dunklin County v. Blakemore*, 275 Mo. 695, 205 S.W. 626, 629 (1918).

Husband also claims that the testimony he sought to elicit was relevant to the issue of paternity, the reason given at trial. Husband fails, however, to demonstrate to us how the question asked could produce competent and relevant evidence. He cites *In re L_____*, 499 S.W.2d 490 (Mo. banc 1973) which holds that neither the mother nor her spouse are incompetent witnesses in a paternity action and that they may testify to any relevant facts. In that case they were permitted to testify to the non–accessibility of the mother's husband. *Needham v. Needham*, 299 S.W. 832, 834 (Mo.App. 1927), cited by husband, is authority for the rule that the presumption that a child born in wedlock is legitimate "may be overthrown by any competent or relevant evi-

dence that the husband could not have been the father of the child." Whether wife's mother told someone that she did not know who the father of the child was, did not tend to prove or disprove any issue in the case, and the court did not err in sustaining the objection. *Cardello v. Bauer*, 433 S.W.2d 81 (Mo.App.1968).

Husband claims that the court erred in excluding testimony by his mother, Doris Brown, which was offered for the purpose of impeaching wife's mother. The issue arose when the court sustained an objection when husband's counsel asked Mrs. Brown if she had ever heard wife's mother say anything about the father. Counsel then made the following offer of proof:

"Q. (by Mr. Knappenberger) Did you ever hear her say anything regarding that? [paternity of the child]

A. Yes, sir.

Q. What did she say?

A. She told me the night we were in there, me and her were looking at the baby, and she said, 'I hated for you to come in here and see this baby more than anything in this world.' And I said, 'Nadine, you know that that's not my son's baby.' She said, 'I know. But there is nothing I can do.' "

Husband's brief does not set out the specific testimony which he contends is inconsistent with the offer of proof. We must assume that it has reference to the question asked of Mrs. Thompson that was discussed in the preceding point.[2] We have ruled that the objection to the question asked of Mrs. Thompson was properly sustained. It follows that the statement attributed to Mrs. Thompson in the offer of proof made by husband was not contradictory of any statement in Mrs. Thompson's testimony. There was no foundation for the admission of the offer as impeachment. See *State v. Williams*, 522 S.W.2d 641, 646 (Mo.App. 1975).

Husband also claims that the evidence offered through Mrs. Brown was rel-

evant to prove paternity. What we have said above with respect to husband's second point is equally applicable here.

Husband's fourth point on appeal concerns the refusal of the court to permit husband to testify concerning statements made to him by Mrs. Thompson and by wife's sister. When husband was testifying on direct examination he was asked:

"Q. And when the child was born did you have any further discussions about the father?

A. Yes, sir.

Q. What were those discussions?

A. Well, Donna told me—well, after her mother and them, they told me—and her sister told me, the baby—

MR. DEVEREAUX: I object to that.

THE COURT: Sustained."

He made no offer of proof as to what wife's mother and sister said. Husband has preserved nothing for our review. *Borden v. Phillips Petroleum Co.*, 541 S.W.2d 53 (Mo. App.1976).

Husband contends that the court erred in finding that he was the father of the minor child. The child was born in wedlock and entitled to the presumption of legitimacy, the strongest presumption known to the law. The burden of overcoming that presumption is an onerous one, the quantum of evidence needed to rebut it must not only be clear and convincing, as urged by husband, but must be such that no conclusion other than illegitimacy can be reached. *F____ v. F____*, 333 S.W.2d 320 (Mo.App.1960).

The evidence in this case was conflicting. Wife testified that she had not had sexual relations with anyone other than husband after late September, 1975 and that she started going with husband in November of 1975. The baby was born August 26, 1976. Husband testified that he did not have sexual relations with wife until January of 1976. He also testified that wife told him that the child was not his child. Wife denied having made such a statement.

2. "Did you ever tell Bill's mother, Mrs. Brown, that you did not know who the father of the child was?"

Where the evidence in a court tried case is conflicting, the matter of credibility is for the trial court. Rule 73.01(3)(b). We cannot say that the court erred in finding husband had not met the burden of overcoming the presumption of legitimacy in favor of the minor child. This ruling also disposes of husband's contention that the court erred in awarding child support because husband is not the father.

Husband also complains that the award of $25.00 per week for support of the minor child is excessive. This award is slightly less than one–half of the weekly cost of supporting the child according to the evidence. The parties have approximately the same income and personal expenses. We cannot say that the court abused its discretion in making the award. *Murray v. Murray*, 538 S.W.2d 587 (Mo.App.1976).

The final issues concern the award of attorney fees. Husband first contends that the court erred in allowing wife's attorney fees because the wife was possessed of sufficient means of her own to defend the action brought against her and to prosecute her cross–claim. All of the cases cited by husband ante–date the enactment of the Dissolution of Marriage Act §§ 452.300–452.415 RSMo 1973 Supp. Under § 452.355 the trial court has broad discretion in determining whether to make an award of attorney's fees after taking into consideration all "relevant factors including the financial resources of both parties." An appellate court will not overturn that determination except for abuse of discretion. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979). From our study of the transcript in this case we cannot say that the trial court abused its discretion in making the award of attorney fees.

Husband also complains that the award of $1,256.00 is excessive. Counsel for wife stated to the court that $256.00 had been paid out for expenses of the litigation and asked that the court make an award of $1,000.00 and expenses.

The judge who tried the case had before him the record of prior proceedings held before Judge Lawrence O. Davis. He was also cognizant of the fact that an appeal had been taken and prosecuted from the judgment entered by Judge Davis. He was also aware of the proceeding before him that resulted in the present judgment. The trial court, as an expert on attorney fees, being acquainted with issues involved, was in a position to fix the amount of attorney fees in this case. *Beckman v. Beckman*, 545 S.W.2d 300, 303 (Mo.App.1976). It is evident that the trial court in setting the fees in this case considered all relevant factors including the financial resources of the parties. In a case of persons of more substantial financial resources this fee could be considered modest. We find no abuse of discretion in this award.

Husband also contends that the fees should have been limited to the trial held by Judge Brackmann. We cannot agree. The fees properly encompassed all proceedings in which her counsel participated since the institution of this action through the trial. We do not find *Boyer v. Boyer*, 567 S.W.2d 749 (Mo.App.1978) to be apposite because *Boyer* involves the question of excessiveness only and does not limit the award to any phase of the case.

Finding no error the judgment of the trial court is affirmed.

WEIER and SNYDER, JJ., concur.