**Anthony COBB, Plaintiff-Appellant,**

**v.**

**Myrtle THOMAS, Administrator of the Estate of Emanuel Bryant, Deceased, Defendant-Respondent.**

**No. 42572.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Rehearing Denied April 24, 1981.

Roger M. Hibbits, Clayton, for appellant.

David Collignon, Clayton, for respondent, heirs of Emanuel Bryant.

Donald M. Witte, Clayton, for administratrix, Myrtle Thomas.

SNYDER, Judge.

Appellant filed a petition in the probate division of the Circuit Court of St. Louis County seeking a declaration that he was the natural son of Emanuel Bryant, deceased, and a determination that he is Emanuel Bryant's heir.[1] The trial court found that appellant was not the natural child of the decedent and denied the petition. This appeal followed.

Appellant asserts, in his single point on appeal, that the trial court's judgment was not supported by substantial evidence and was against the weight of the evidence. Appellant's point has no merit. The judgment is affirmed.

The standard of appellate review of this court-tried case is set forth in *Murphy*

---

1. Emanuel Bryant will be referred to in this opinion as decedent.

v. Carron, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). The judgment of the trial court must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and contains no error in the declaration or application of the law.

The facts are these. Derrick Anthony Cobb was born to Shirley Cobb, now Palay, on December 4, 1956 in East St. Louis. At the time, she was separated from her husband, Isaac Cobb, who lived in Chicago. Mrs. Palay did not appear personally at the hearing but testified by deposition that she had had sexual intercourse with decedent during the time appellant was conceived, and that decedent was the father of appellant. At another point in her deposition, however, she testified as follows:

"Q: Okay. Who are the fathers of these boys?

A: The first three boys are by my first husband, that is, David, Donald and Derrick, better known as Anthony."

Anthony is the appellant. There was no evidence regarding Mr. Cobb's activities during the time that Mrs. Palay was associating with decedent. There was no direct evidence of non-access of the husband, only that he and Mrs. Palay at the time were "separated."

Mrs. Palay and decedent associated in 1954, 1955 and 1956 with a group of young people. The members of the group considered Mrs. Palay the decedent's girlfriend. One of the members of their social group testified that decedent would see Mrs. Palay about once a week. One of the witnesses also testified that decedent acknowledged that he had "knocked up" Mrs. Cobb (Palay).

Mrs. Palay gave Mr. Cobb's name as the father of appellant when appellant was born and Mr. Cobb's name appeared as the father on appellant's birth certificate. When the Cobbs were divorced in 1959 she named appellant as one of their children; and in the divorce decree, Mr. Cobb was ordered to pay child support for appellant.

Appellant assumed that Mr. Cobb was his father until he was six or seven years old when he was told by his mother that decedent was his father. Appellant received cards and money from decedent when he was about 13 years old and had telephone conversations with decedent when he was about 14 years old. Appellant's mother first introduced him to decedent after she and appellant moved back to the St. Louis area. Appellant was 16 years of age at the time and it was the first time he had ever seen decedent.

There was substantial evidence that there was a close association between appellant and decedent after they met. Appellant worked for decedent in his store. There was testimony from employees and relatives that decedent introduced appellant as his son and referred to appellant as his son in conversations from time to time. Appellant participated in decedent's funeral as a member of the family. However, decedent's ex-wife testified that decedent said he did not know for certain whether he was the father of appellant.

Appellate courts are required to exercise caution before reversing a judgment because it is against the weight of the evidence and should do so only if there is a firm belief that the decree or judgment is wrong. *Murphy v. Carron, supra.*

There is a strong presumption that a child born in wedlock is legitimate. At common law the presumption was conclusive but today it is rebuttable although clear, cogent and convincing evidence is required to overcome the presumption. *In re L——,* 499 S.W.2d 490, 492[1, 2] (Mo.banc 1973).[2] The burden of proof necessary to

2. Judge Hogan of the Missouri Court of Appeals, Southern District, believes that the presumption falls somewhere between "conclusive" and "rebuttable" and is of a special na-ture because of the higher degree of cogency of the substantial evidence required to rebut the presumption. *In re L——,* 461 S.W.2d 529, 532[2] (Mo.App.1970). *See also Simpson v.*

overcome the presumption of legitimacy is an onerous one. The evidence must not only be clear, cogent and convincing but such that no conclusion other than illegitimacy can be reached. *Brown v. Brown*, 609 S.W.2d 223, 227[7] (Mo.App.1980).[3] The required burden of proof has not been met by appellant.

There was no evidence that Mr. Cobb did not see his wife during the time she was associating with decedent. The testimony showed that they were separated, he living in Chicago and she in East St. Louis. But there was no evidence that he did not travel to East St. Louis during 1955 or 1956, nor that she did not travel to Chicago. The evidence was not such that no conclusion other than illegitimacy could be reached. Mrs. Palay's naming of Mr. Cobb as the father on appellant's birth certificate and her statement under oath in the divorce petition that Mr. Cobb was appellant's father conflicts sharply with her testimony on deposition, long after the birth, that decedent was the father.

■ Appellant cites no cases to support his assertion that the judgment of the trial court was against the weight of the evidence. He only re-argues and emphasizes the testimony of his witnesses concerning the relationship of decedent and appellant in the years before decedent's death, and the hearsay statements of witnesses to the effect that decedent had introduced appellant as his son. A thorough review of the testimony requires the conclusion that appellant did not adduce the clear, cogent and convincing evidence necessary to rebut the presumption of legitimacy.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

*Blackburn*, 414 S.W.2d 795 (Mo.App.1967); *L__ v. R__*, 518 S.W.2d 113 (Mo.App.1974).

**3.** Other cases ruling on the burden of proof necessary to overcome the presumption of legitimacy are: *J.M.L. v. C.L.*, 536 S.W.2d 944

(Mo.App.1976); *JD v. MD*, 453 S.W.2d 661 (Mo.App.1970); *F__ v. F__*, 333 S.W.2d 320 (Mo.App.1960); *Ash v. Modern Sand and Gravel Co.*, 234 Mo.App. 1195, 122 S.W.2d 45 (1938).