**In re ESTATE OF Nathaniel G. FREEMAN, Deceased.**

**Marcia M. CARTER, Administratrix, Appellant,**

v.

**Major FREEMAN, Kim Freeman and Lucille Pegue, Respondents.**

No. 44420.

Missouri Court of Appeals, Eastern District, Division Three.

July 6, 1982.

Charles H. Shaffar, St. Ann, for appellant.

REINHARD, Presiding Judge.

Appellant appeals from an order of the probate division of the circuit court denying her petition to determine heirship. She sought to be declared the illegitimate child and sole heir of decedent Nathaniel G. Freeman, her mother's paramour. Mr. Freeman died intestate with surviving siblings. The court denied appellant's petition on the ground that she failed to rebut the presumption that she was the legitimate child of her mother's husband, Otis Wortham.

The judgment of the trial court should be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Applying this standard, we affirm the trial court's decree. In support of her argument that she rebutted the presumption of legitimacy, appellant mistakenly relies in part on evidence she presented at the hearing on her motion for a new trial. This court cannot consider that evidence in ruling on the merits of this appeal. *Martin v. Martin*, 233 Mo.App. 667, 125 S.W.2d 943, 946 (1939).

After appellant was appointed administratrix of decedent's estate, she filed her petition to determine heirship. At the hearing on her petition, no one appeared in opposition, and only she presented evidence.

Appellant testified that her mother had left her husband, Mr. Wortham, in New York and moved to St. Louis several years before appellant's birth. Mr. Wortham had remained in New York, and he and her mother had not lived together after her mother moved to St. Louis. Further, appellant testified that at the time of her birth in Missouri, her mother was living with Nathaniel G. Freeman, the decedent. Freeman recognized her as his daughter on many occasions and in many ways. He served as her next friend when her name was changed. A copy of her petition for name-change, which alleged that Freeman was her father, was received into evidence.

There is a strong presumption that a child born in wedlock is legitimate, and clear, cogent, and convincing evidence is required to overcome that presumption. *In re L____*, Part II, 499 S.W.2d 490, 492 (Mo.banc 1973). Further, the evidence must not only be clear, cogent, and convincing, but such that no conclusion other than illegitimacy can be reached. *Brown v. Brown*, 609 S.W.2d 223, 227 (Mo.App.1980). We find no error in the court's holding that appellant failed to overcome this presumption.

The trial court may reject any or all of even the uncontradicted testimony. *D. S. v. H. T. H.*, 600 S.W.2d 698, 701 (Mo.App.1980). However, appellant's testimony, even if believed, falls short of rebutting the presumption of legitimacy. Although appellant testified that Mr. Wortham did not come to Missouri, she did not testify that her mother did not go to New York. This was insufficient to show that the husband and wife did not have access to one another at the time of appellant's conception. *See Cobb v. Thomas*, 615 S.W.2d 508 (Mo.App.1981). Decedent's recognition of appellant as his daughter does tend to establish his actual paternity, but alone is insufficient to rebut the presumption of legitimacy. Obviously, he could not have known certainly that Mr. Wortham was not

appellant's father. *Simpson v. Blackburn*, 414 S.W.2d 795, 805 (Mo.App.1967).

Affirmed.

SNYDER and CRIST, JJ., concur.